OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and
 
 *793
 
 the case remitted to that Court for consideration of the facts
 
 (see,
 
 CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 There was evidence at trial that defendant, Alexander Brown, and an accomplice, at about 5:00 a.m. on June 16, 1988, exited a dark-colored Chevrolet in the area of 180th Street in the Bronx and snatched a gold chain from Uzell McFarland’s neck. When McFarland attempted to pursue, defendant Brown displayed a gun. Brown and his accomplice returned to their car, in which there were two other occupants, and fled the scene. McFarland and Hall then chased the Chevrolet in their vehicle. During the chase, McFarland broke the rear window of the Chevrolet with a baseball bat and defendant fired two shots in response.
 

 At this time, uniformed Police Officers Bonafacio and Neidhardt joined the chase until defendant’s vehicle crashed into a parked vehicle. While Officer Bonafacio and McFarland chased the two fleeing occupants of the now disabled Chevrolet, Officer Neidhardt approached the Chevrolet with his gun drawn and ordered defendant Brown and his accomplice out of the car. A gunfight followed, during which defendant Brown gained control of the patrol car and drove off.
 

 Housing Police Officers Plunkett and Peaco also heard the report that a police car had been stolen and they, too, responded. The previously mentioned events were taking place in the area of 180th to 184th Streets in the Bronx. Officers Plunkett and Peaco, attempting to get to the crime scene, collided with an ambulance at 149th Street. Officer Peaco died from the injuries sustained in the collision with the ambulance.
 

 Defendant was caught and indicted on eight counts of attempted murder in the first degree, eight counts of attempted aggravated assault upon a police officer, three counts of criminal possession of a weapon in the second degree, two counts of attempted murder in the second degree, two counts of murder in the second degree, two counts of robbery in the first degree, two counts of assault in the first degree, robbery in the second degree, and reckless endangerment in the first degree.
 

 Before trial, defendant moved to dismiss the felony murder and first degree assault counts of the indictment, claiming that the evidence before the Grand Jury was insufficient to establish a prima facie case. After hearing extensive argument, the trial court denied the motion. After a jury trial,
 
 *794
 
 defendant was acquitted of the felony murder and first degree assault counts arising from the accident, but convicted of robbery in the first degree and attempted murder in the first degree.
 

 The Appellate Division reversed the conviction on the law and ordered a new trial. It held that the trial court erred in denying defendant’s pretrial motion to dismiss the counts charging defendant with felony murder, and though he was acquitted on those counts, the introduction of evidence as it related to felony murder prejudiced the jury’s consideration of the counts on which he was convicted.
 

 Defendant argues that the introduction of testimony regarding the felony murder count so prejudiced the jury as to have deprived him of a fair trial on these separate and unrelated charges. We conclude that the Appellate Division erred in this respect when it ruled as a matter of law that prejudice nullified an independent, validly secured robbery and attempted murder conviction. Nor can we agree that the trial court erred as a matter of law in admitting defendant’s postarrest statements.
 

 Finally, because defendant was acquitted of felony murder, we need not reach the issue of foreseeability and causation as it relates to those counts.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.