■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX ALMANZAR, Appellant. [618 NYS2d 355] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.) rendered January 14, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of 4 to 12 years, to run consecutively to a previously imposed sentence, unanimously affirmed.

Upon an independent review of the facts, weighing the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom *(People v Bleakley, 69 NY2d 490, 494-495)*, we find that the verdict was not against the weight of the evidence.

The instant Bronx County prosecution for criminal possession of weapon in the second degree was based on defendant's specific intent to use the weapon unlawfully against another, which intent abated once he used the weapon unlawfully in the Bronx, completing that crime, and thus was not barred on double jeopardy grounds by defendant's prior New York County conviction of criminal possession of a weapon in the third degree, which was based on his bare possession of the same weapon three and a half weeks later in New York County *(see, People v Okafore, 72 NY2d 81)*. The prior prosecution was for a distinct crime, involving a possession of a different character not proximate in time or place to that which gave rise to this prosecution, and would not bar this prosecution even if we were to adopt for State constitutional purposes the "same-conduct" double jeopardy test rejected by the Supreme Court for Federal constitutional purposes *(see, United States v Dixon, 509 US —, 113 S Ct 2849)*. In view of the purposes, defendant's challenge to the *legality* of consecutive sentences is also without merit. Concur—Sullivan, J. P., Wallach, Ross, Rubin and Williams, JJ.