■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON CRUZADO, Appellant. [656 NYS2d 640] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered May 16, 1994, convicting defendant, after a jury trial, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of $3^1/2$ to 7 years, unanimously affirmed.

The court's *Sandoval* ruling, permitting questioning with respect to defendant's having previously been convicted of assault in the first degree, but precluding the People from elicit-

ing the underlying facts of defendant's crime or sentence, was an appropriate exercise of discretion (*People v Sandoval*, 34 NY2d 371). Further, the court properly modified its pretrial *Sandoval* ruling by allowing the prosecutor limited inquiry into the circumstances of that arrest when defendant opened the door by his misleading testimony that he had voluntarily surrendered to authorities after the assault (*see, People v Fardan*, 82 NY2d 638, 646).

Finally, we reject defendant's argument that he was deprived of a fair trial as a result of the trial court's denial of his motion to dismiss the count of the indictment charging robbery in the second degree. Defendant's claim that there was a complete absence of any evidence that a robbery was completed, to wit, that any property was taken, is not supported by the record. Moreover, defendant was acquitted of the count of robbery in the second degree, and convicted of the lesser included offense of attempted robbery in the second degree, and his claim of prejudice arising from the court's submission of the robbery count to the jury is based purely on speculation concerning the manner in which the jury deliberated (*see, People v Brown*, 83 NY2d 791, 794). Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.