OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was found guilty, after a jury trial, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and assault in the second degree (Penal Law § 120.05) arising out of an episode in which he and several codefendants attacked two homeless men, setting fire to one of them, and striking the other with a bottle.
 

 Prior to a suppression hearing in which defendant and the codefendants participated, one of the accomplices pleaded guilty. Acting out of concern for this accomplice’s safety, the court and the prosecutor had arranged for her to plead guilty in private, pursuant to a cooperation agreement with the prosecutor. While the defendant and the other codefendants were unaware of the accomplice’s guilty plea and agreement, she sat at the defense table throughout the first day of the suppression hearing, which was conducted before another Judge. On the next day, the prosecutor informed the court and the codefendants of the true state of affairs. The accomplice was removed from the suppression hearing and the court held a hearing to determine whether the accomplice had disclosed to the prosecution anything that she had heard from the other defendants or at the defense table. The court found that she neither heard nor revealed anything of substance, and concluded that the prosecution in no way benefitted from the actions of the accomplice or the conduct of the prosecutor.
 

 
 *948
 
 Although we disapprove of the prosecutor’s conduct in this case, we agree with the conclusion of the Appellate Division that under the facts, as borne out by a thoroughgoing inquiry, defendant suffered no prejudice, and that reversal is not warranted.
 

 Defendant’s remaining contentions are without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.