■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL REYNOSO, Appellant. [693 NYS2d 521] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered March 16, 1995, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him to concurrent terms of 2⅓ to 7 years, unanimously affirmed.

Defendant's challenge to uncharged crimes evidence involving a recent prior attack on homeless people at the same location is similar to a claim rejected by this Court on a codefendant's appeal (People v Pena, 251 AD2d 66, affd 93 NY2d 946), and we see no reason to reach a different result. For the same reasons, the court properly ruled that if a codefendant testified on defendant's behalf, the People could examine her about a statement defendant allegedly made indicating that he had previously burned people. This alleged admission was relevant to the contested issues of motive, knowledge and intent in light of defendant's claim that he did not know anyone was in the box set afire and that he did not intend to cause harm. We have considered and rejected defendant's procedural arguments concerning the court's ruling (see, CPL 260.30 [7]).

Defendant's motion to preclude identification testimony on grounds of insufficient notice pursuant to CPL 710.30 (1) (b) was properly denied. The notice properly set forth the particulars of the showup identification (see, People v Lopez, 84 NY2d 425, 428), which was sufficient to serve its purpose of enabling defendant to test the identification testimony for taint arising from official suggestion, and there was no requirement of notice that the witnesses would identify defendant as being present on more than one relevant occasion. Defendant was not deprived of effective assistance because of his counsel's failure to move to suppress the showup identification. The defense employed by defendant at trial did not place the element of identity at issue, and, in any event, defendant was identified at the same showup that this Court upheld on the codefendant's appeal (People v Pena, 251 AD2d 66, supra).

We reject defendant's various challenges to the court's main and supplementary charges. The charge as a whole, including the instruction that the jury could consider the interest or bias of any witness in assessing credibility, was sufficient to cover the subject of bias against defendant by a prosecution witness (see, People v Inniss, 83 NY2d 653, 659). The charge on accom-

plice corroboration conveyed the appropriate legal principles and the court was not required to specify the items of evidence that the jury might consider as corroborative (*People v Goldfeld*, 60 AD2d 1, 8, *lv denied* 43 NY2d 928). The supplemental charge contained no improper marshaling of evidence and could not have deprived defendant of a fair trial (*see, People v Culhane*, 45 NY2d 757, *cert denied* 439 US 1047).

Defendant's claim that the court should have granted his motion for a trial order of dismissal of the attempted murder count was rendered moot by his acquittal of that count, and defendant's claim that he was prejudiced nonetheless because of the possibility of a compromise verdict rests on unsupported speculation as to the jury's thought processes (*see, People v Cruzado*, 239 AD2d 160, 161, *lv denied* 90 NY2d 939; *see also, People v Brown*, 83 NY2d 791, 794). The evidence of attempted murder was legally sufficient to submit that count for the jury's consideration. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.