■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL JOHNSON, Appellant. [697 NYS2d 407] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), and one count each of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]), criminal possession of a weapon in the second degree (Penal Law § 265.03) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). There is no merit to his contention that County Court imposed an unlawful sentence by directing that the term of incarceration imposed for criminal possession of a weapon in the third degree, which offense was committed on May 31, 1997, run consecutively to the terms of incarceration imposed for the remaining offenses, which were committed on May 25, 1997 (*see, People v Almanzar,* 209 AD2d 285, *lv denied* 85 NY2d 905).

We further reject defendant's contention that the court erred in refusing to inspect the Grand Jury minutes concerning a

separate indictment for a robbery that was committed on May 31, 1997. Although the Grand Jury considered but did not indict defendant on a charge of criminal possession of a weapon in the second degree arising out of the May 31, 1997 incident and such crime could not be resubmitted to another Grand Jury without permission of the court, the crime of criminal possession of a weapon in the third degree is a separate and distinct crime (*see, People v Saulters*, 255 AD2d 896, *lv denied* 92 NY2d 1038). Thus, permission of the court was not required for Grand Jury consideration of that crime (*see, People v Rodriguez*, 261 AD2d 111).

By failing to request that the court conduct an inquiry with respect to the impartiality of a sworn juror, defendant failed to preserve for our review his contention that the contact between that juror and a prosecution witness warranted discharge of the juror (*see*, CPL 470.05 [2]; *People v Donk*, 259 AD2d 1018). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.