■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CARRION, Appellant. [710 NYS2d 892] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 10, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, attempted murder in the first degree (5 counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree (2 counts), and reckless endangerment in the first degree, and sentencing him to terms of 25 years to life on the controlled substance conviction and on each of the attempted murder convictions, 8$^1$/$_3$ to 25 years on the criminal use of a firearm conviction and 2$^1$/$_3$ to 7 years on each weapon possession conviction and on the reckless endangerment conviction, with the sentences on the attempted murder convictions to run consecutively to one another and all other sentences to run concurrently, unanimously affirmed.

Defendant's claim that he was unduly prejudiced by the continuation of his trial following the severance of his co-defendant's case and the dismissal of the conspiracy count as against defendant is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find no undue prejudice (*see, People v Brown*, 83 NY2d 791). The limited testimony as to the officers' ongoing investigation of drug trafficking was admissible against defendant to explain the events leading up to the surveillance and pursuit of defendant that led to the exchange of gunfire. The technical testimony of detectives who described wiretaps, pen registers and related matters was not unduly prejudicial, since neither of those witnesses testified as to the substance of any recorded conversations. Furthermore, the court's instructions served to prevent any possible prejudice.

We perceive no abuse of sentencing discretion.

Defendant's remaining contentions, including those contained in his *pro se* supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to

review these claims, we would reject them. Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.