THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. SCOTT, Appellant. [725 NYS2d 586] —Judgment unanimously affirmed. Memorandum: Defendant did not move pursuant to CPL 30.30 to dismiss the count charging him with criminal possession of a weapon in the third degree and thus failed to preserve for our review his contention that he was denied his statutory right to a speedy trial with respect to that count (*see, People v Bacchi,* 186 AD2d 663, 663-664, *lv denied* 81 NY2d 760; *People v Cornell,* 103 AD2d 953, 954). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the further contention of defendant that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 190.75 (3) based upon the People's failure to obtain the court's permission to submit the charge of depraved mind murder (Penal Law § 125.25 [2]) to another Grand Jury after the first Grand Jury considered but failed to indict him on a charge of intentional murder (Penal Law § 125.25 [1]; *see generally, People v Johnson,* 265 AD2d 858, 859, *lv denied* 94 NY2d 881). In any event, that contention was rendered moot when the jury acquitted defendant of the murder count (*see, People v Reynoso,* 262 AD2d 102, 103, *lv denied* 93 NY2d 1025). The court properly denied that part of the motion of defendant seeking suppression of his statements to the police. Those statements, made both at the scene of his arrest and at the police station, were volunteered and made "with genuine spontaneity," i.e., they were " 'not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (*People v Rivers,* 56 NY2d 476, 479, [*rearg denied* 57 NY2d 775], quoting *People v Maerling,* 46 NY2d 289, 302-303). Defendant was properly adjudicated a persistent violent felony offender. He failed to challenge the constitutionality of his prior convictions when he previously was sentenced as a second violent felony offender or to show good cause for his failure to make a timely challenge. Defendant thus waived his right to challenge his prior convictions on that basis at the persistent violent felony offender hearing (*see,* CPL 400.15 [7] [b]; [8]; 400.16 [2]; *People v Cooper,* 241 AD2d 553, 554, *lv denied*

90 NY2d 1010; *see also, People v Young,* 255 AD2d 907, 908, *affd* 94 NY2d 171, *rearg denied* 94 NY2d 876). The sentence is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Manslaughter, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Lawton, JJ.