[988 NE2d 478, 965 NYS2d 743]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKIEME NESBITT, Appellant.

Argued February 5, 2013; decided March 26, 2013

## APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*David J. Klem* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Patricia Curran* and *Grace Vee* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered.

Defendant's trial counsel informed the court (out of the jury's presence, but on the record) that he believed his client had no defense to the counts of the indictment charging assault in the first degree. As a result, counsel neither requested the submission of second degree assault as a lesser included offense nor made any serious effort to persuade the jury not to convict defendant of first degree assault. In his closing argument, counsel asked the jury to acquit defendant of attempted murder, but virtually invited a conviction for first degree assault. After saying: "on that particular charge [attempted murder], I'm going to ask that you actually check off the box that says 'Not Guilty,' " he added, as to the assault charges: "Make your decision . . . . I'm sure whatever it is, it will be the right decision."

In many cases, there may be strategic reasons for a lawyer's choice not to request a lesser included offense charge, or to contest one charge vigorously while essentially ignoring others.

For that reason, claims of ineffective assistance based on such choices must usually be adjudicated in posttrial motions, so that evidence may be presented to show why counsel acted as he did. But this case, where the lawyer explained his thinking in plain language on the record, is an exception: The record permits us to decide the claim on direct appeal.

Counsel's belief that his client was without a defense to first degree assault was mistaken. The record affords a good-faith basis for an argument that the injuries the victim received did not result in serious and protracted, or serious and permanent, disfigurement (*see* Penal Law §§ 120.10 [1], [2]; 10.00 [10]). Our decision in *People v McKinnon* (15 NY3d 311 [2010]), though rendered after defendant's trial, shows that the meaning of these statutory terms was an open issue. We conclude that counsel's error in overlooking that issue rendered his assistance to defendant ineffective (*see People v Benevento*, 91 NY2d 708 [1998]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order reversed and a new trial ordered, in a memorandum.