# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**655**

**KA 11-01136**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

YAQUIN ABDULLA, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 25, 2011. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [5]). Viewing the evidence in light of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]). Defendant's contention that Supreme Court erred in admitting testimony with respect to a letter defendant wrote to the District Attorney is not preserved for our review (*see* CPL 470.05 [2]; *People v Woods*, 72 AD3d 1563, 1564, *lv denied* 15 NY3d 811). In any event, even assuming, arguendo, that defendant is correct that the court erred in admitting testimony as to the subject letter, we conclude that any such error is harmless (*see People v Slater*, 61 AD3d 1328, 1329, *lv denied* 13 NY3d 749; *see generally People v Crimmins*, 36 NY2d 230, 241-242). Defendant's further contention that the People violated CPL 190.75 (3) by improperly resubmitting the charge of robbery in the third degree when they sought a superseding indictment lacks merit (*see generally People v Scott*, 283 AD2d 1006, 1006, *lv denied* 96 NY2d 207) and, in any event, that contention was rendered moot when the jury acquitted defendant of that crime. Finally, viewing the evidence, the law and

the circumstances of this case, in totality and as of the time of representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  We note that "claims of ineffective assistance based on [the] choice[] [not to request a lesser included offense] must usually be adjudicated in [a] posttrial motion[], so that evidence may be presented to show why counsel acted as he [or she] did" (*People v Nesbitt*, 20 NY3d 1080, 1082) and, here, defense counsel did not explain on the record why he did not seek that charge (*cf. id.* at 1082; *see generally People v March*, 89 AD3d 1496, 1497, *lv denied* 18 NY3d 926; *People v Calderon*, 66 AD3d 314, 320, *lv denied* 13 NY3d 358).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court