People v Cosme (2019 NY Slip Op 04469)





People v Cosme


2019 NY Slip Op 04469


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9549 1981/14

[*1]The People of the State of New York, Respondent,
v
Luis Cosme, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered October 11, 2016, convicting defendant, after a jury trial, of robbery in the first degree (three counts), burglary in the second degree (three counts), attempted robbery in the first degree, robbery in the second degree (12 counts) and attempted robbery in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
The court providently exercised its discretion in admitting limited portions of a nontestifying victim's medical records in which he reported that he had been struck with a handgun, and there was no violation of the hearsay rule or the Confrontation Clause. The particular type of object that caused the victim's injuries was relevant to diagnosis and treatment (see People v Ortega, 15 NY3d 610 [2010]). There was no Crawford violation, because the records were not prepared in anticipation of litigation (see People v Rawlins, 10 NY3d 136 [2008], cert denied 557 US 934 [2009]). We have considered and rejected defendant's related challenges to the sufficiency and weight of the evidence supporting the attempted first-degree robbery conviction, involving the nontestifying victim.
Defendant did not preserve his claim that the verdict, which reached different results as to certain charges regarding different victims, was legally repugnant, and we decline to review it in the interest of justice. As an alternative holding, we find no legal repugnancy (see People v Muhammad, 17 NY3d 532 [2011]).
Defendant has not established that he was prejudiced by the fact that the court submitted certain counts to the jury after reserving decision on defendant's dismissal motion (see CPL 290.10[1]), and ultimately dismissed those counts for legal insufficiency after the verdict (see People v Brown, 83 NY2d 791, 794 [1994]).
The court providently exercised its discretion when it dismissed a sworn alternate juror who had engaged in substantial misconduct involving trial-related social media posts, and was [*2]also grossly unqualified to serve (see CPL 270.35). In any event, because the juror at issue was an alternate juror, and no alternate jurors were ultimately needed, this juror would never have taken part in deliberations.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK