People v Shearin (2019 NY Slip Op 08371)





People v Shearin


2019 NY Slip Op 08371


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10377 2175/15

[*1] The People of the State of New York, Respondent,
v
Theodore Shearin, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered October 13, 2016, as amended November 4, 2016, convicting defendant, after a jury trial, of robbery in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously affirmed.
Defendant's claim that the evidence failed to establish the physical injury element of robbery in the second degree was rendered moot by his acquittal of that charge (see People v Flores, 284 AD2d 123 [1st Dept 2001], lv denied 98 NY2d 710 [2002]; People v Reynoso, 262 AD2d 102, 103 [1st Dept 1999], lv denied 93 NY2d 1025 [1999]; see also People v Brown, 83 NY2d 791, 794 [1994]). Defendant requested submission of the lesser offense of robbery in the third degree, and he failed to preserve his argument that he was prejudiced by the court's denial of his motion to dismiss the greater charge in that it left him an inadequate opportunity to prepare a defense to the lesser charge. We decline to review this claim in the interest of justice. As an alternative holding, we find that the record does not establish any prejudice. Furthermore, although the only robbery charge in the indictment was second-degree robbery, defendant could not have prevented the submission of the lesser included offense (see CPL 300.30[1]) even if the trial court had accepted his argument.
Defendant failed to preserve, and ultimately waived, his challenge to the court's purported failure to give him an opportunity to exercise a peremptory challenge to a prospective juror, who was seated as the twelfth juror (see People v Moreno, 15 AD3d 225 [1st Dept 2005], lv denied 5 NY3d 792 [2005]), and we decline to review it in the interest of justice. Unlike the situation in prior rounds of jury selection, the court, after asking whether either side had a cause challenge, did not ask if either side had a peremptory challenge, and concluded "we have a jury." Defense counsel did not object at that time. Instead, shortly afterwards, defense counsel confirmed that he was satisfied with the composition of the jury, thus waiving the claims he now raises, and defendant's claim that there was a mode of proceedings error exempt from preservation requirements is without merit. In any case, the record does not support defendant's claim that the court failed to "permit" him to peremptorily challenge the twelfth juror (see CPL [*2]270.15[2]). Moreover, it gave counsel a final opportunity to voice any objections or exercise a challenge when it asked whether everyone was "on the same page" before swearing in the jury.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK