OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On October 21, 1980, a man entered a gas station and robbed an attendant, John Taylor, and his cousin, James Alviti. At police headquarters the next day, Taylor and Alviti identified defendant from a group of slides and photographs. A week later, the same man appeared at the station and robbed Taylor and his co-worker, Vincent Rizzuto. After the robbery, Taylor informed police that he recognized defendant as the perpetrator and both he and Rizzuto identified defendant from a photographic array. Defendant was arrested pursuant to a warrant on November 7, 1980 and, upon his arrival at the precinct, confessed to both robberies. On May 19,1981, after the indictment, defendant was placed in a lineup and identified by Rizzuto. The other victims did not view the lineup. Defendant’s attorney, James Horan, although notified that the lineup would take place, did not attend, leaving defendant unrepresented. On the motion to suppress the identifications, the court found that the photo arrays and the lineup were not unduly suggestive and that each of the three victims had an independent source for in-court identifications, based on their observations during the robberies. The court also concluded that defendant was not denied his right to counsel at the lineup because of counsel’s refusal to attend. Defendant was convicted after trial, and the Appellate Division affirmed without opinion.
Defendant challenges principally the introduction into evidence of Rizzuto’s lineup identification which, he argues, violated his right to counsel (see, e.g., People v Settles, 46 NY2d 154). We need not pass on this issue because the error, if any, was harmless. There is no cause to disturb the conclusion of the courts below that the identifications of Taylor and Alviti were untainted by any improper procedure. As to Rizzuto, the record supports the hearing court’s finding, affirmed by the Appellate Division, that his in-court identification was based on observation of defendant during the crime rather than at the lineup. In *958 the face of three in-court identifications by eyewitnesses, the evidence of Rizzuto’s lineup identification added little to the already overwhelming evidence of guilt. While defendant testified that he did not commit the robberies, this testimony was thoroughly discredited by his confession, which was properly used for impeachment purposes (People v Maerling, 64 NY2d 134; People v Ricco, 56 NY2d 320) even though inadmissible on the People’s direct case (People v Samuels, 49 NY2d 218). In these circumstances, any error in the admission of the lineup evidence would not require reversal (see, People v Adams, 53 NY2d 241, 252).
Defendant’s remaining contentions are without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed in a memorandum.