■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY GASKIN, Appellant.—Judgment unanimously affirmed. Memorandum: The jury's verdict is supported by the weight of the evidence. Three eyewitnesses, including the victim, observed defendant from close range in a well-lit parking lot. The witnesses identified defendant as the man who robbed the victim and recalled the color, make and license number of the car that defendant drove away from the robbery. The trier of fact is in the best position to determine credibility *(see, People v Bleakley,* 69 NY2d 490, 495; *People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024), and the jury was entitled to credit the testimony of the People's witnesses and to reject the alibi testimony of defendant, his mother and his girlfriend.

Defendant's sentence of 2 to 6 years, which is less than the maximum term permitted for robbery in the third degree *(see,* Penal Law § 70.00 [2] [d]; [3] [b]), is neither harsh nor excessive. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Robbery, 3rd Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAMILTON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the suppression court should have suppressed the rifle seized from his room because the People failed to meet their burden of establishing exigent circumstances to justify the warrantless entry and search by the police *(see, People v Hodge,* 44 NY2d 553, 557; *People v Vennor,* 176 AD2d 1217). We disagree. The record fully supports the court's finding that the police actions were justified. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession of a Weapon, 4th Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.