■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN VAN ALLEN, Appellant. [627 NYS2d 664] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), entered July 28, 1992, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to a term of 22 years to life, unanimously affirmed.

Defendant's contention that he was denied his due process right to a fair trial when the trial court, over his objection, instructed the jury that he had a duty to retreat and omitted requested language from the justification charge concerning the defense of third parties, is without merit. Since the court made several references to the necessity of defending another person who is confronted with deadly physical force, defendant has no reason to take exception to the charge on that ground. Indeed, the instruction on justification, when viewed in its entirety, was an accurate statement of the law (*see, People v Coleman*, 70 NY2d 817). Notwithstanding that defendant maintains that, as a guest and invitee of the family in whose apartment the shooting occurred, he was under no duty to retreat, article 35 of the Penal Law, which sets forth in detail the standards applicable to the defense of justification, does not support his contention. Penal Law § 35.15 (2) (a) (i) provides that a person who is not the initial aggressor and is in his own dwelling is not under a duty to retreat in the face of deadly physical force. There is nothing in the statute that extends the words "no duty to retreat" to the dwelling of anyone besides that of the actor. "Where a statute is plain on its face, [the court] need only apply it in accordance with its meaning." (*People v Walker*, 81 NY2d 661, 666.) The Legislature having clearly defined the circumstances under which self-defense is appropriate, a court may not disregard the plain words in a statute. In construing a statutory pronouncement, it is not the function of the court "to pass on the wisdom of a statute or any of its requirements, but rather to implement the will of the Legislature as expressed in its enactment" (*People v Smith*, 79 NY2d 309, 311), and the Legislature did not choose to ac-

cord to a guest and/or social invitee the same rights as it did to a resident in his own home. In any event, the evidence establishes beyond a reasonable doubt that defendant did not shoot the victim in anyone's defense, and there is no reasonable justification for defendant's conduct in approaching the deceased and pumping two bullets into him from behind. Considering the violent and callous nature of his homicidal act, as well as the surrounding circumstances, the sentence imposed was not excessive. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Mazzarelli, JJ.