■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL HOWARD, Appellant. [629 NYS2d 765] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered April 6, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of $12^1/_2$ to 25 years and 1 year, respectively, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of $7^1/_2$ to 15 years, and otherwise affirmed.

The sentence here was excessive even given defendant's second felony offender status (see, People v Cowell, 170 AD2d 343, lv denied 77 NY2d 993). It appears that the sentence was based on evidence of uncharged crimes rather than solely on the crime for which defendant was convicted, and, given the pretrial offer of a plea with a promise of $2^1/_2$ to 5 years and the codefendant's plea to a pretrial offer of 1 to 3 years, that defendant was impermissibly punished for exercising his constitutional right to a trial by jury (People v Brown, 70 AD2d 505, 506). We have reviewed defendant's remaining contentions and find that they do not warrant disturbance of the jury's verdict, which was amply supported by the overwhelming evidence of defendant's guilt. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Tom, JJ.

■ PEOPLE v DANIEL A. JEWELL. [630 NYS2d 924] —Upon the Court's own motion, appeal dismissed because of appellant's death, and the matter remanded for vacatur of the judgment of conviction, as indicated. Concur—Ellerin, J. P., Kupferman, Asch, Williams and Tom, JJ.