■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY EVANS, Appellant. [642 NYS2d 2] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 17, 1993, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

Defendant's claim challenging the sufficiency of the evidence of "physical injury" (Penal Law § 160.10 [2] [a]; § 10.00 [9]) is unpreserved for appellate review for a failure to make an appropriate objection or motion " 'specifically directed' " at the alleged insufficiency (*People v Gray*, 86 NY2d 1019; *People v McKaskell*, 217 AD2d 527). In fact, defense counsel affirmatively stated in response to the court's direct inquiry that his motion to dismiss at the close of the People's case was not directed at the sufficiency of the evidence supporting the second-degree robbery count. Nor was defense counsel's postverdict motion to set aside the verdict sufficient to preserve this argument for appellate review where defendant failed to make appropriate objections or motions during trial (*People v Padro*, 75 NY2d 820). We decline to review the claim in the interest of justice. Were we to review it, we would find that the evidence, when viewed in a light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), was sufficient to establish that the victim, whom defendant punched in the face, sustained "physical injury" within the meaning of Penal Law § 10.00 (9). There was testimony that the victim sustained a swollen lip, blackened eyes and cut on her right thumb, which wounds bled heavily. She described her injuries as "painful", used ice to help reduce the swelling of her lip, and the bruises around her eyes lasted for approximately two weeks. In addition, her thumb wound became infected. This evidence proved that the victim suffered "substantial pain" (*ibid.; see, People v Dailey*, 222 AD2d 278). Moreover, the evidence that the victim created a disturbance outside the apartment of defendant six months prior to the robbery did not imply that she harbored a "lingering hostility"

toward defendant which would motivate her to fabricate her testimony at trial, and thus, this evidence was properly excluded by the trial court in the exercise of its discretion (*People v Thomas*, 46 NY2d 100, 105, *appeal dismissed* 444 US 891; *People v Brooks*, 131 NY 321, 326). We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.