■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ORRACA, Appellant. [655 NYS2d 7] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered November 17, 1993, convicting defendant, after a jury trial, of manslaughter in the first degree, reckless endangerment in the first degree, and assault in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of $12^1/_2$ to 25 years, $3^1/_2$ to 7 years, and $3^1/_2$ to 7 years, respectively, unanimously affirmed.

Defendant's guilt of each and every element of the crimes charged was proven beyond a reasonable doubt. Upon an independent review of the evidence, we find that defendant's guilt of the crimes charged was proven by overwhelming evidence.

Defendant's motion to suppress identification testimony was

properly denied. Defendant's right to counsel at the investigatory lineup conducted shortly after his arrest was not violated because defendant's earlier indication that he did not wish to say anything further to the police "before speaking to a lawyer" did not constitute an explicit request for the presence of an attorney at the lineup (*see, People v Coates,* 74 NY2d 244, 249; *People v Foy,* 212 AD2d 446, *lv denied* 85 NY2d 938). Defendant's right to counsel was substantially complied with at the second lineup (*see, United States v Tolliver,* 569 F2d 724). Any error in admission of lineup identifications made at the second lineup is harmless because the record supports the hearing court's finding of independent source, and the identifications in question added little to the overwhelming evidence against defendant (*People v Meadows,* 64 NY2d 956, *cert denied* 474 US 820).

Defendant's claims of error in evidentiary rulings do not require reversal. We note that the trial court properly precluded various hearsay evidence offered by defendant without argument in support of any viable exception to the hearsay exclusionary rule and properly permitted the prosecution to fully explore issues of police impropriety raised by defendant (*see, People v Melendez,* 55 NY2d 445).

Defendant's claims of error in connection with the prosecutor's summation do not warrant reversal. The challenged portion of the prosecutor's summation, when viewed in context, constituted appropriate response to the defense summation (*People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comments permissible in closing argument (*People v Galloway,* 54 NY2d 396).

The imposition of consecutive sentences in connection with defendant's convictions for reckless endangerment and assault is lawful, because defendant's actions in leading the police on a high speed chase through city streets were separate and distinct from his action in assaulting a police officer who attempted to arrest defendant after defendant had stopped his car (*see, People v Brown,* 80 NY2d 361). Further, the record indicates that the sentence was not based on any misapprehension by the court as to the law. We perceive no abuse of discretion in sentencing.

Defendant's remaining claims of error are without merit. Concur—Murphy, P. J., Williams, Tom and Mazzarelli, JJ.