■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY COOPER, Appellant. [672 NYS2d 31] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 8, 1995, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The trial court's initial *Sandoval* ruling was a proper exercise of discretion, since "[d]efendant's theft-related convictions were highly relevant to his credibility, notwithstanding any similarity to the present charges * * * and defendant cannot shield himself from impeachment simply because he has specialized in theft-related crimes" (*People v Post*, 235 AD2d 299, *lv denied* 90 NY2d 862). Moreover, in light of defendant's very extensive criminal history in several States dating back to 1964, it was not improper for the court to permit the prosecutor to elicit 12 New York convictions that occurred between 1988 and 1994 (*see, People v Hines*, 205 AD2d 468, 469, *lv denied* 84 NY2d 868). Finally, the court minimized the prejudical impact to defendant by prohibiting the elicitation of the underlying facts of those prior crimes (*supra*).

The court's modification of its *Sandoval* ruling was appropriate because defendant's direct testimony was misleading and opened the door for cross-examination on the circumstances surrounding his prior convictions and incarcerations and his motivation for previously entering into plea agreements (*see, People v Ferguson*, 190 AD2d 610, *lv denied* 81 NY2d 970; *People v Santiago*, 169 AD2d 557, 558, *lv denied* 77 NY2d 1000). We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.