■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WILCOX, Appellant. [675 NYS2d 865] —Judgments, Supreme Court, New York County (Ira Beal, J.), rendered April 20, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 4½ to 9 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the hearing court's credibility determinations, and find that the officer's testimony amply supported the court's finding that the drugs were in plain view. Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO PEREZ, Appellant. [674 NYS2d 659] —Judgment, Supreme Court, New York County (Bernard Fried, J., at hearing; Nicholas Figueroa, J., at jury trial and sentence), rendered November 9, 1994, convicting defendant of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 7 to 14 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues concerning the reliability of identification testimony were properly presented to the jury and we see no reason to disturb its determinations.

Defendant's motion to suppress identification testimony was properly denied. Defendant had no right to counsel at this investigatory lineup (*People v LaClere*, 76 NY2d 670; *People v Coates*, 74 NY2d 244), since none of the circumstances that are required to exist before the limited right to counsel at such a lineup may be recognized were present in this case. There was no evidence that the investigating officer knew of defendant's outstanding arrest warrant, and no indication that defendant was represented by counsel in the prior matter, much less that the officer was aware of such representation. Moreover, although defendant ultimately refused to talk to police, and asked to speak to an attorney, such request "did not constitute an explicit request for the presence of an attorney at the lineup" (*People v Orraca*, 237 AD2d 148, 149, *lv denied* 90 NY2d 861). Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.