■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ADAMS, Appellant. [676 NYS2d 361] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress items of physical evidence without conducting a hearing. The motion, "made at the beginning of trial, was untimely and was not made in writing or supported by sworn allegations of fact (*see,* CPL 255.20, 710.40, 710.60)" (*People v Massimi*, 191 AD2d 969). Defendant failed to preserve for our review his challenge to the sufficiency of the evidence supporting the 9th, 10th and 11th counts of the indictment (*see, People v Gray*, 86 NY2d 10, 19; *People v Thomas*, 239 AD2d 246, *lv denied* 90 NY2d 911; *People v Evans*, 227 AD2d 121, *lv denied* 88 NY2d 935) or his contention that he was denied a fair trial by prosecutorial misconduct (*see, People v Church*, 244 AD2d 953; *People v Albert*, 222 AD2d 1005, *lv denied* 88 NY2d 844, 979). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant was not denied effective assistance of counsel as the result of counsel's failure to make a timely written suppression motion (*see, People v Rivera*, 71 NY2d 705, 709; *People v Fields*, 251 AD2d 1072; *People v Godbold*, 231 AD2d 910, *lv denied* 89 NY2d 922), challenge the sufficiency of the evidence on the specific ground urged on appeal, or object to the alleged instances of prosecutorial misconduct (*see, People v Leary*, 145 AD2d 732, *lv denied* 73 NY2d 1017). "We conclude that the cumulative effect of those and other alleged deficiencies, viewed in totality and as of the time of the representation, did not deprive defendant of effective assistance and that counsel's representation was meaningful" (*People v Silverio-Mercedes*, 239 AD2d 923, *lv denied* 90 NY2d 943). We reject defendant's contention that

the verdict is contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). "[C]redibility is a matter to be determined by the trier of the facts (*see, People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932) and the jury was in the best position to resolve the conflict in the testimony" (*People v Conner*, 195 AD2d 1078, *lv denied* 82 NY2d 715; *see, People v Gaskin*, 186 AD2d 995). We reject the contention of defendant that the preservation rule (*see,* CPL 470.05 [2]) deprives him of his right to an effective appeal (*see generally, People v Gray, supra; People v Patterson*, 39 NY2d 288, 295, *affd* 432 US 197). Finally, the sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Rape, 3rd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.