◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. McCOVERY, Appellant. [679 NYS2d 493] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of rape in the first degree (Penal Law § 130.35 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]) and assault in the second degree (Penal Law § 120.05 [6]).

Defendant contends that he was denied a fair trial by prosecutorial misconduct. Defendant's only objections to the prosecutor's improper questions were sustained, however, and defendant did not request a further curative instruction or move for a mistrial. "Thus, the court 'must be deemed to have corrected the error to the defendant's satisfaction'" (*People v Balkum*, 233 AD2d 929, 930, *lv denied* 89 NY2d 939, quoting *People v Williams*, 46 NY2d 1070, 1071). Defendant failed to preserve for our review the other alleged misconduct of the prosecutor (*see*, CPL 470.05 [2]; *People v Albert*, 222 AD2d 1005, *lv denied* 88 NY2d 844, 979). Even were we to reach that issue as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]), we would conclude that defendant's contention lacks merit. The alleged misconduct of the prosecutor did not cause such substantial prejudice to defendant that he was denied due process (*see, People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711).

Defendant was not denied effective assistance of counsel (*see, People v Benevento*, 91 NY2d 708). "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

We reject defendant's contention that the verdict is contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). "[C]redibility is a matter to be determined by the trier of the facts (*see, People v Malizia*, 62 NY2d 755, 757, *cert*

*denied* 469 US 932) and the jury was in the best position to resolve the conflict in the testimony" (*People v Conner*, 195 AD2d 1078, *lv denied* 82 NY2d 715; *see, People v Gaskin*, 186 AD2d 995).

Finally, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Rape, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.