■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY VARLACK, Appellant. [687 NYS2d 93] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered May 28, 1996, convicting defendant, after a jury trial, of robbery in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent felony offender, to concurrent terms of 20 years to life and 1 year, respectively, unanimously modified, on the law, the facts, and in the interest of justice, to vacate the persistent felony offender finding and to reduce defendant's sentence on the robbery conviction to 7½ to 15 years, and otherwise affirmed.

The complainant, Vincent DeLuca, testified that on October 15, 1994, he arrived at his building to find the formerly locked basement door open and defendant inside going through some bags. DeLuca's valuables were stacked in a pile by the door. He confronted defendant. A struggle ensued, during which defendant stabbed the complainant's arm several times with a knife, making four bleeding lacerations. Defendant then fled, leaving behind DeLuca's property, much of which had been damaged by the altercation.

Defendant was indicted for the crimes of robbery in the first degree, robbery in the second degree, burglary in the second degree, assault in the second degree, assault in the third degree, criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the fourth degree. However, the jury acquitted him of all but the second-degree robbery and fourth-degree criminal possession of stolen property counts.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established the element of "physical injury" (Penal Law § 160.10 [2] [a]; § 10.00 [9]), in that the complainant suffered four bleeding lacerations, which left scars and required medical attention from his physician brother (*see*, *People v Evans*, 227 AD2d 121, *lv denied* 88 NY2d 935). While the complainant did not testify as to the level of pain he suffered, the jury could infer that the pain was substantial (*People v Rojas*, 61 NY2d 726, 727).

The trial court made several incorrect rulings, but these do

not amount to reversible error. The court erred in denying defendant's motion to suppress, since the People failed to establish the legality of the police conduct in securing his presence at the precinct (*see, People v Dodt,* 61 NY2d 408, 416). The People alleged that defendant was in the station house because he was a suspect in an unrelated crime and other officers there recognized him as fitting the description given by DeLuca. Yet, the People did not present any facts at the suppression hearing from which the court could conclude that the police had probable cause for the unrelated arrest. However, the admission of the burglary tools pertained to the burglary counts upon which defendant was acquitted, and therefore was not likely to have affected the guilty verdict. The admission of DeLuca's out-of-court identifying statements likewise did not prejudice defendant, because DeLuca's detailed and extensive testimony on its own amply supported the conviction (*People v Meadows,* 64 NY2d 956, 957, *cert denied* 474 US 820).

Although in issuing its *Sandoval* ruling the court applied the wrong legal standards, reversal is not warranted (*see, People v Jones,* 220 AD2d 251, 252, *lv denied* 88 NY2d 880). The court allowed the prosecutor to inquire as to the underlying facts of defendant's three prior felony convictions—a 1982 grand larceny, a 1985 grand larceny, and a 1992 attempted burglary. The court stated that the felony convictions were admissible because it was his policy never to "sanitize a specialist." It is true that a defendant's decision to specialize in a particular type of crime does not insulate him from cross-examination with respect to those crimes (*People v Post,* 235 AD2d 299, *lv denied* 90 NY2d 862 ["Defendant's theft-related convictions were highly relevant to his credibility, notwithstanding any similarity to the present charges * * * and defendant cannot shield himself from impeachment simply because he has specialized in theft-related crimes"]). Nevertheless, the court has an obligation to consider the specific details of the prior crimes and balance their probative value against the potential for prejudice (*People v Williams,* 56 NY2d 236, 240). An *a priori* decision that all similar crimes should be admissible is just as improper as a blanket rule shielding a defendant from cross-examination as to all such crimes (*People v Gonzalez,* 221 AD2d 203, 206).

Although the court does not appear to have considered the particular facts of defendant's case in making its ruling, reversal on these grounds is not required, especially in light of the overwhelming evidence of defendant's guilt of the counts on which he was convicted (*People v Jones, supra,* at 252). De-

fendant had a 20-year history of theft-related crimes that showed his willingness to place his interests above those of society. Under these circumstances, it was not reversible error to admit some evidence of his career as a thief, as this was relevant to his credibility (*People v Cooper*, 249 AD2d 141, *affd* 92 NY2d 968).

The court abused its discretion in sentencing defendant as a persistent felony offender on the robbery count, because the court wrongly took into account the charges of which defendant was acquitted. In deciding to sentence defendant as a persistent felony offender, the court asserted, "Both previous felony convictions involved were the similar crimes as in the instant case, namely, theft of property and entering and remaining unlawfully on premises." The court thus treated defendant as a persistent burglar even though he had already been acquitted of the burglary counts in this case. The court also emphasized that defendant had allegedly been in the complainant's basement with a sharp instrument, despite his acquittal on the weapon possession count. A sentencing court may not base its sentence on crimes of which the accused has been acquitted (*People v Grant*, 191 AD2d 297, *lv denied* 82 NY2d 719). Accordingly, we reduce the sentence on the robbery count to 7½ to 15 years (*see, People v Howard*, 217 AD2d 530, *lv denied* 86 NY2d 873). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.