■ The People of the State of New York, Respondent, v Byron Wilkonson, Appellant. [724 NYS2d 18] —Judgment, Supreme Court, New York County (Harold Beeler, J., at hearing; Jeffrey Atlas, J., at jury trial and sentence), rendered March 3, 1998, convicting defendant of criminal possession of a weapon in the second and third degrees and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 18 years to life, 16 years to life, 6 to 12 years and 6 to 12 years, unanimously modified, on the law, to the extent of vacating the conviction of possession of a weapon in the second degree and dismissing that count of the indictment, and further modified, as a matter of discretion, in the interest of justice, to the extent of vacating the sentence on the conviction of possession of a weapon in the third degree and remanding for resentencing on that conviction, and otherwise affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The credible evidence established that, upon his lawful approach of defendant, the officer observed the magazine of a gun protruding from defendant's duffle bag, and further established that no seizure of defendant occurred until after that observation was made. The observation provided probable cause for defendant's arrest, particularly when coupled with the information already in the possession of the police.

The court's submission to the jury of a kidnapping count, of

which defendant was acquitted, does not warrant reversal of defendant's conviction. While the trial court had serious reservations about the sufficiency of the circumstantial evidence of kidnapping in light of the People's inability to produce the identifying witness for trial, it properly decided that the better course was to reserve decision and submit the count to the jury in order to preserve the People's right to appeal. The course of action taken by the court is authorized by CPL 290.10 (1), which permits a trial court to "reserve decision on the motion until after the verdict has been rendered and accepted by the court." Moreover, it is the preferred course of action (*see, People v Key*, 45 NY2d 111, 120; *People v Marin*, 102 AD2d 14, *affd* 65 NY2d 741). Defendant has not established that he was prejudiced by having the jury deliberate on the kidnapping count (*People v Reynoso*, 262 AD2d 102, *lv denied* 93 NY2d 1025; *see also, People v Brown*, 83 NY2d 791; *People v Grant*, 210 AD2d 166, *lv denied* 85 NY2d 862), particularly since the jury had already heard evidence relating to that count.

Contrary to defendant's claims with respect to his conviction of criminal possession of a controlled substance in the third degree, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury could have readily inferred an intent to sell from defendant's possession of 72 glassine envelopes of cocaine (*see, People v Alvino*, 71 NY2d 233, 245-246).

The procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional (*compare, Almendarez-Torres v United States*, 523 US 224, *with Apprendi v New Jersey*, 530 US 466).

The theory submitted to the jury relative to the charge of possession of a weapon in the second degree was not the theory under which defendant was indicted. As conceded by the People, the change in theory resulted in defendant's conviction of a crime for which he was never indicted, in violation of his constitutional rights. Consequently, defendant's conviction of possession of a weapon in the second degree must be vacated.

In sentencing defendant on the two weapons possession convictions, the court expressly took into account the kidnapping charge of which defendant was acquitted. A sentencing court may not base its sentence on crimes of which the defendant has been acquitted (*People v Varlack*, 259 AD2d 392, *lv denied* 93 NY2d 1029; *People v Maula*, 163 AD2d 180). Although this issue requires preservation (*People v Harrison*, 82 NY2d 693), we choose to review this unpreserved claim in the interest of justice. Accordingly, we remand for resentencing on

the conviction of possession of a weapon in the third degree. The record establishes that the kidnapping charge did not affect the court's sentences on the controlled substance convictions, and we perceive no basis for reduction of those sentences. Concur—Rosenberger, J. P., Williams, Andrias, Wallach and Saxe, JJ.