Smith, J.
(dissenting). Because evidence of a prior alleged crime was not probative of the charge for which the defendant was on trial, and because defendant was awaiting trial on that prior alleged crime, I dissent. The majority upholds the trial court’s summary ruling that defendant opened the door to testimony about that prior alleged stabbing. The majority concludes that the defense attorney misled the jury in her opening statement and the cross-examination of the People’s first witness and that to counter this misleading, the trial court properly permitted the People to bring out a prior stabbing of another inmate by defendant. There was no sound basis for the trial court’s determination and that testimony prejudiced the defendant.
Defendant was indicted for two different incidents. The first count of the indictment charged assault in the second degree in violation of Penal Law § 120.05 (3)[1] in that on August 19, 1995, in the City of Syracuse, defendant “with intent to prevent a police officer from performing a lawful duty, caused physical injury to such police officer, to wit: Deputy Louis Messina of the Onondaga County Sheriffs Department.”
Count two of the indictment charged assault in the second degree in violation of section 120.05 (7)[2] of the Penal Law in that defendant “on or about the 19th day of August, 1995 * * * having been charged with or convicted of a crime and while confined in a correctional facility, as defined in subdivision three of section forty of the Correction Law, pursuant to such charge or conviction, intentionally caused physical injury to Deputy Louis Messina.”
The other three counts of the indictment related to the alleged prior crime which occurred on May 25, 1995. Count three *42 charged defendant with attempted assault in the second degree in violation of Penal Law §§ 110.00 and 120.05 (2) in that defendant attempted to cause physical injury to another by means of a dangerous instrument, a pen. Count four of the indictment charged defendant with attempted assault in the second degree in violation of Penal Law §§ 110.00 and 120.05 (7) in that while confined to a correctional facility, he attempted to cause physical injury to another. The fifth count of the indictment charged defendant with the criminal possession of a weapon in the third degree, a pen, in violation of Penal Law § 265.02 (1).
Prior to trial, defendant moved for severance of the trial of the two incidents. The trial court granted severance on the grounds that it would be prejudicial to try the two incidents at the same time. The August incident was tried first and defendant was convicted of counts one and two of the indictment. The evidence was that he struck an officer as several officers were trying to substitute paper clothing for the clothing he was wearing. Defendant took the stand and denied that he struck the officer, contending that the officer was injured during a scuffle over his pants. The defense sought to show that there was no intent on the part of the defendant to prevent the officer from performing a lawful duty or to injure the officer.
Prior to the commencement of the trial, the court ruled that the prosecutor could not introduce evidence that defendant had, on a prior occasion, stabbed another inmate. This was the charge for which defendant had been indicted but which had not come to trial.
In his opening statement to the jury, the prosecutor stated that while several deputies were attempting to get defendant to change his clothing from normal to paper clothing, defendant struck an officer “without warning, without provocation.” He also stated that the jury would be told the reasons for the change in clothing. In her opening statement, the defense attorney spoke of the state of mind of the defendant and the conditions under which he had been living. She concluded by saying that there had been a scuffle, with the result that defendant was charged with assault. While she did not specifically deny in her opening statement that defendant struck the officer, this was unnecessary since by the plea of not guilty defendant denied the charge.
I do not disagree with the majority’s discussion of People v Molineux (168 NY 264) or with its conclusion that there are exceptions to the Molineux rule. What is before this Court, *43 however, is a ruling made by the trial judge that the defense attorney opened the door to testimony that defendant had previously stabbed an inmate, a charge for which defendant was awaiting trial, and that this door was opened not by testimony from the defendant, but by the defense attorney’s opening statement and by her cross-examination of a witness. In my opinion, the defense attorney did not open the door.
During the presentation of the People’s case, the prosecutor asked a witness why the defendant was being housed in a particular section of the prison. The court overruled the defendant’s objection stating, “I think you opened the door not only in your opening statement but also your questioning of the other deputy as to why this man was up there so go ahead Sergeant.” The ruling was made in front of the jury and without giving the defense attorney an opportunity to argue. The witness then revealed defendant had stabbed another inmate with a pencil. This testimony was given as a fact even though the charge was still pending. The court overruled the defense objection to the answer but told the jury that it could not consider the evidence on defendant’s guilt.
Subsequently, defendant moved for a mistrial. In contending that she did not open the door to testimony of an alleged stabbing, the defense attorney argued that during her opening statement she talked “about [her] client’s frame of mind” and that “[she] did not believe that [was] sufficient to show that [she] opened the door.”
At the close of the People’s case, the defense attorney moved to dismiss the action, arguing that the People “ha[d] not proven their case beyond a reasonable doubt,” particularly “[w]hen you look at the element of intent.” The motion to dismiss was denied, the court ruling that intent was a question of fact for the jury.
In my view, defendant could not and did not open the door by her opening statement because an opening statement is not evidence. Moreover, jurors are constantly instructed that neither the opening by the prosecutor nor the opening of the defendant is evidence. Nor was there anything in the cross-examination of the People’s first witness, Deputy Betsey, which could be construed as misleading the jury or opening the door to testimony about a stabbing. Defendant at no time suggested that he had not stabbed another inmate on a prior occasion and was in fact awaiting trial on that charge.
The Court is faced with a situation much different from the usual occurrence in which a defendant opens the door to *44 testimony about prior criminal activity. Normally, it is the defendant who opens the door by his or her testimony concerning past conduct. Thus, a defendant who testifies in a misleading fashion opens the door to a modification of a Sandoval ruling to permit questions concerning prior criminal convictions (People v Cooper, 249 AD2d 141, affd 92 NY2d 968). A defendant who testifies that he sold only fake crack cocaine opens the door to a prior conviction previously excluded in a Sandoval ruling (People v Rodriguez, 85 NY2d 586, 590). Similarly, “cross-examination of a defendant at trial, for credibility purposes, with respect to an unrelated pending charge is prohibited, except where the defendant’s own assertions ‘open the door’ to such questioning” (People v Smith, 87 NY2d 715, 718-719). A defense witness also may open the door to prior convictions. In People v Fardan (82 NY2d 638), a psychologist’s testimony that he would classify defendant as a nonviolent type of individual opened the door to the prosecutor’s question of whether the psychologist had been told by the defendant about a prior robbery by the defendant.
In People v Betts (70 NY2d 289), this Court held that a prosecutor could not question a defendant about a pending criminal charge if he testified (see also, People v Bennett, 79 NY2d 464). In this case, the effect of the Court’s ruling is to force a defendant to testify about a crime with which he has been charged but not tried. The People should not be allowed to do indirectly what this Court has held cannot be done directly. Moreover, the majority’s conclusion that the defendant sought to have the jury acquit defendant because of abuse and mistreatment and because he had been unjustly confined assumes that the jury could not or would not obey the court’s instruction that sympathy could play no part in their deliberations.
The prosecutor could have responded to defendant’s opening statement with testimony that defendant was in that section of the jail because of a rule infraction without indicating what the infraction was. The reason for the paper clothing could have been brought out without resort to the prior stabbing. Moreover, it is unclear whether the defendant was forced to wear paper clothing because he was a potential danger to himself or to others or for both of those reasons.
In sum, the limited issue before us is whether the defense attorney opened the door to testimony about a prior stabbing either in her opening statement or by her cross-examination. I believe she did not. The trial court’s ruling served only to put *45 before the jury evidence of a pending charge for which defendant had not been tried or convicted. This was clear error. The admission of the highly prejudicial testimony regarding defendant’s pending charge served only to negate consideration by the jury of the defense that the officer was injured in a scuffle and that defendant had no intent to harm or prevent an officer from performing a lawful duty.
Accordingly, I dissent.
Chief Judge Kaye and Judges Levine, Ciparick, Wesley and Graffeo concur with Judge Rosenblatt; Judge Smith dissents in a separate opinion.
Order affirmed.

. Penal Law § 120.05 (3) provides: “With intent to prevent a peace officer, police officer, a fireman, including a fireman acting as a paramedic or emergency medical technician administering first aid in the course of performance of duty as such fireman, or an emergency medical service paramedic or emergency medical service technician, from performing a lawful duty, he causes physical injury to such peace officer, police officer, fireman, paramedic or technician” (emphasis added).

. Penal Law § 120.05 (7) provides: “Having been charged with or convicted of a crime and while confined in a correctional facility, as defined in subdivision three of section forty of the correction law, pursuant to such charge or conviction, with intent to cause physical injury to another person, he causes such injury to such person or to a third person.”