■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD CAPERS, Appellant. [748 NYS2d 142] —Judgment, Supreme Court, New York County (Bonnie Wittner, J., at hearing; Charles Tejada, J., at jury trial and sentence), rendered May 1, 2000, convicting defendant of robbery in the first degree and burglary in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761). The credible evidence established that the warrantless search of the jacket defendant chose to wear to the police station after being lawfully arrested constituted a proper search incident to arrest. The police were appropriately concerned that the jacket may have contained a weapon (*see People v Gokey*, 60 NY2d 309). Furthermore, the incriminating nature of a key with a distinctive marking found in the jacket was readily apparent, given the other information already known to the arresting officer.

The motion court also properly determined that defendant's right to counsel at a lineup was not violated. The record establishes that no attorney had entered the case (*compare People v LaClere*, 76 NY2d 670), that the arresting officer had no indication that the defendant had an open case in which he was represented by counsel, and that defendant never said that he had a lawyer or that he wanted such lawyer to attend the lineup (*see People v Perez*, 251 AD2d 189, *lv denied* 92 NY2d 929; *People v Orraca*, 237 AD2d 148, *lv denied* 90 NY2d 861). When, in response to police questioning, defendant stated that he "wanted a lawyer" and said "Talk to my lawyer," this was no indication that he already had a lawyer.

The court properly exercised its discretion in denying defendant's mistrial motion, made on the ground that precluded evidence had been elicited. Curative instructions would have sufficed, but defendant declined any remedy but a mistrial (*see People v Young*, 48 NY2d 995).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, P.J., Nardelli, Mazzarelli, Marlow and Gonzalez, JJ.