■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ARZU, Appellant. [777 NYS2d 485]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered February 13, 2002, convicting defendant, after a jury trial, of attempted assault in the second degree, and sentencing him to a term of 1⅓ to 4 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Viewing the evidence, as we must, in the light most favorable to defendant (see People v Padgett, 60 NY2d 142, 144-145 [1983]), there was sufficient evidence to entitle defendant to have the jury charged regarding the defense of justification. The court's failure to give the jury the requested instruction deprived defendant of a fair trial, and requires a remand for a new trial.

Defendant was indicted for attempted murder in the second degree, attempted assault in the first and second degrees, assault in the second degree, and criminal possession of a weapon in the fourth degree, for hitting Ricardo Sprauve in the head with a hard metal object. After trial, the attempted murder charge was dismissed, and defendant was acquitted of attempted assault in the first degree and assault in the second degree; he was convicted only of attempted assault in the second degree.

In deciding whether to give a justification charge, "if any reasonable view of the evidence would permit the fact finder to decide that the conduct of the accused was justified, an instruction on the defense should be given" (*People v McManus*, 67 NY2d 541, 549 [1986]). If the evidence supported a possible conclusion that defendant reasonably believed deadly physical force was necessary to defend against the imminent use of deadly physical force, and defendant could not safely retreat, or had no duty to retreat, then justification would be established (*see People v Goetz*, 68 NY2d 96, 115 [1986]; *Matter of Y.K.*, 87 NY2d 430, 434 [1996]).

There was testimony from Deborah Wade that during a previous run-in with defendant at her house, the complainant, Ricardo Sprauve, had pulled a gun from his pocket and pointed it at defendant's face. So, Wade's testimony that on the occasion in question, she observed Sprauve, in response to defendant's demand that he leave, moving his hand toward his pocket, could certainly have supported the conclusion that defendant, as well as Wade, reasonably believed that deadly physical force by Sprauve was imminent, necessitating defendant's own use of deadly physical force (*see People v Roldan*, 222 AD2d 132, 138 [1996]; *Davis v Strack*, 270 F3d 111 [2001]). What is more, since this event occurred at Wade's home, where defendant was living at the time, there was no requirement that he retreat (*see* Penal Law § 35.15 [2] [a] [i]; *People v Van Allen*, 216 AD2d 39 [1995], *lv denied* 86 NY2d 804 [1995]). It was also possible to reason that defendant could not retreat with complete safety, because he and Sprauve were in close proximity: they were both near Wade's apartment door.

Nor can the error be viewed as harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Since defendant admitted in his opening that he hit Sprauve twice and since defendant's witness, Wade, said she saw defendant hit Sprauve in the head with a hammer, without the justification defense the jury had no choice but to convict. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.