Appeal from an order of the Steuben County Court (Joseph W. Latham, J.), entered May 23, 2005 pursuant to the 2004 Drug Law Reform Act. The order denied defendant’s application to be resentenced upon defendant’s 1982 conviction of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree.
It is hereby ordered that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order that denied his application for resentencing pursuant to the 2004 Drug Law Reform Act ([DLRA-1] L 2004, ch 738, § 23) upon his 1982 conviction of one count each of criminal sale of a controlled substance in the first degree (Penal Law § 220.43) and criminal possession of a controlled substance in the first degree (§ 220.21). We agree with defendant that the crimes of which he was acquitted should not be considered in connection with an application for resentencing pursuant to DLRA-1 (see generally People v Wilkonson, 281 AD2d 373, 374 [2001], lv denied 96 NY2d 926 [2001]; People v Maula, 163 AD2d 180, 180-181 [1990]). It is unnecessary to determine whether County Court in fact considered such crimes, however, because “DLRA-1 is intended to afford relief to low level offenders and, based upon the large amount of cocaine involved in the subject transac *1218 tion[], it is evident that defendant is not such an offender” (People v Morales, 46 AD3d 1395, 1396 [2007], lv dismissed 10 NY3d 768 [2008]). Furthermore, contrary to defendant’s contention, “[t]he magnitude of defendant’s involvement in . . . drug trafficking outweighed [defendant’s] favorable prison record” (People v Rizo, 51 AD3d 436, 436). Present — Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.