People v Anonymous (2023 NY Slip Op 05990)

People v Anonymous

2023 NY Slip Op 05990

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Ind No. 1651/16 Appeal No. 1077 Case No. 2019-1919 

[*1]The People of the State of New York, Respondent,
v
Anonymous, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katherine M.A. Pecore of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa Jackson, J.), rendered December 12, 2018, convicting defendant, after a jury trial, of manslaughter in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to a term of 25 years on the manslaughter conviction, to run concurrently with a term of 15 years on the first weapon possession conviction (possession with intent to use unlawfully) and consecutively with a term of 7 years on the second weapon possession conviction (simple possession), unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating all of the sentences, remanding the matter for resentencing on each of the convictions, and otherwise affirmed.
As the People concede, the court improperly based the sentence on the manslaughter conviction on its stated belief that defendant intended to kill the victim. Intent to kill is an element of murder in the second degree, of which defendant was acquitted, and not manslaughter in the first degree, of which defendant was convicted (compare Penal Law § 125.25[1], with Penal Law § 125.20[1]). Because the sentence was based on conduct of which defendant had been acquitted, resentencing on the manslaughter conviction is required (see People v Black, 33 AD3d 338, 342-343 [1st Dept 2006]; People v Wilkonson, 281 AD2d 373, 374-375 [1st Dept 2001], lv denied 96 NY2d 926 [2001]). Although defendant's challenge to this sentence is unpreserved, we reach it in the exercise of our interest of justice power, which the People expressly do not oppose.
As the People also concede, the imposition of consecutive sentences on the conviction for manslaughter and the conviction for simple possession of a weapon under Penal Law § 265.03(3) was improper. The sentences should have run concurrently, since the People did not demonstrate that the act of weapon possession was separate from the act of manslaughter (see Penal Law § 70.25[2]; People v Laureano, 87 NY2d 640, 643 [1996]). There was no evidence presented at the trial establishing that defendant possessed the firearm before shooting the victim (see People v Bailey, 213 AD3d 499, 501 [1st Dept 2023], lv denied 40 NY3d 933 [2023]; People v Rosario, 26 AD3d 271, 273-274 [1st Dept 2006], lv denied 6 NY3d 897 [2006]; see also People v Brown, 21 NY3d 739, 750-751 [2013]). In light of this, along with the improper sentence on the
manslaughter conviction, we remand the matter for resentencing on all three of defendant's convictions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023