(May 14, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOWARD, Appellant.—Judgments of the Supreme Court, New York County (Harold Baer, J.), rendered June 15, 1983, which convicted defendant, following a jury trial, of robbery in the first degree and attempted sodomy in the first degree and, upon two separate guilty pleas, of rape in the first degree and robbery in the first degree, and sentenced him to three concurrent indeterminate prison terms of from 6½ to 13 years, 4 to 8 years and 6½ to 13 years to run consecutively with an indeterminate prison term of from 6 to 12 years, are affirmed.

Prior to trial, the court suppressed the complainant's lineup identification of defendant as unduly suggestive but held that she could nonetheless make an in-court identification on the ground that the identification had an independent basis. Defendant now argues that the complainant should not have been allowed to identify defendant during trial since the People did not establish an independent source for her identification. However, an examination of the record herein demonstrates that the court was unwarranted in finding that the lineup was suggestive. In that regard, there is no dispute that the composition of the lineup was fair, nor is there any indication that the police intentionally took any action or made any remarks to draw the complainant's attention to defendant. Rather, defendant's sole point of contention is that as he stood in front of the viewing window for some 30 to 60 seconds, an investigator entered the viewing room and turned on the lights. The investigator, noticing that the room was in use, then quickly turned off the lights, apologized for his interruption and left the room.

The trial court determined that the investigator's turning on the lights was inadvertent, and defendant himself does not claim that the investigator's actions constituted a deliberate attempt by the police to induce the complainant to focus upon him. There is also no evidence whatever that this brief, accidental flashing of the lights caused the complainant to perceive that the police were sending her a signal to pick defendant out of the lineup, or that she was, in fact, thereby influenced in her identification of him. Moreover, the failure of the police detective to ask the complainant if she was aware of where she had last seen defendant, a matter which the trial court deemed significant, did not transform an inherently fair lineup procedure into an unduly suggestive one, particularly in view of the absence of a legal requirement for such an

inquiry. The propriety of a lineup depends upon the totality of the circumstances *(Stovall v Denno,* 388 US 293; *People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020). Based upon the totality of the circumstances of the instant case, the lineup identification of defendant was entirely fair *(see, Foster v California,* 394 US 440); certainly, it was not so unnecessarily suggestive and conducive to an erroneous identification as to violate defendant's right to the due process of law. *(Stovall v Denno, supra.)* Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Smith, JJ.