■ The People of the State of New York, Respondent, v Jesse Adams, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J., at suppression hearing, jury trial and sentence), rendered December 2, 1988, convicting defendant of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, for which defendant was sentenced, as a predicate felon, to concurrent terms of 20 years to life and 7½ years to 15 years on the first two counts, and not sentenced on the third count, unanimously affirmed.

Defendant was observed shooting the victim in the head from close range on a street corner in Manhattan. Police were contacted, a description of the perpetrator was transmitted, and defendant was apprehended within five minutes a few blocks away, heading in the direction in which he was seen fleeing. Physical evidence, including a fully loaded, operable .357 magnum with one spent shell casing, was recovered from defendant. Defendant was identified in a lineup. A battery of chemical tests conducted on defendant's clothing ultimately determined that stains found on defendant's pants resulted from human blood.

Viewing the evidence in the light most favorable to the People, and taking into consideration the jury's responsibility to judge credibility, we conclude that defendant was proved guilty beyond a reasonable doubt *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). The fact that a witness initially reported, erroneously, that defendant's jacket had a yellow hood is insufficient to raise a reasonable doubt. The witness later told police officers that defendant was carrying a yellow bag. This second description was transmitted by radio, and proved correct, since defendant was in fact apprehended carrying a yellow bag.

With respect to the lineup identification, defendant complains that although he held card number 2, he was seated in position number 3. But defendant himself chose the card and

his position in the lineup. Any irregularity in the procedure employed resulted from defendant's own actions, and cannot be imputed to law enforcement officials. Nor was the lineup "so unnecessarily suggestive and conducive to an erroneous identification as to violate defendant's right to the due process of law" *(People v Howard,* 130 AD2d 384, 385).

Finally, we cannot conclude from the record that the sentencing court denied defendant his right to challenge his predicate felony status. On the contrary, defendant explicity declined any challenge to his predicate status. Accordingly, we affirm. Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.