■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MENELIK O'NEAL, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered June 7, 1989, convicting defendant, after a jury trial, of bail jumping in the first degree, and upon his plea of guilty, of criminal possession of a weapon in the second degree, for which he was sentenced as a second felony offender to concurrent terms of 2-½ to 5 years, and 5 to 10 years, respectively, unanimously affirmed.

The Hearing Court's finding that the identification procedures were not unduly suggestive was amply supported by the evidence. *(People v Rodriguez,* 64 NY2d 738, 740.) Nor do we find any infirmity in the Court's denial of defendant's motion to suppress his statements. *(People v Prochilo,* 41 NY2d 759, 761; *People v Bucknor,* 140 AD2d 705, *lv denied* 72 NY2d 1043.)

No reasonable view of the evidence supports defendant's contention that he had made out a defense of justification, as to his bail jumping charge, and that the jury should have been instructed with respect to the defense. *(People v Rivera,* 138 AD2d 169.) Defendant's testimony consisted of conclusory allegations of vague and unsubstantiated threats directed at him by unidentified persons, none of which defendant reported to the Court or his attorney. Nor does defendant explain how his two year absence following his disappearance either resulted from a continuing danger, or ameliorated that danger prior to surrendering. Thus, defendant failed to come forward with any evidence demonstrating that bail jumping was a necessary emergency measure to avoid an immediate injury *(see,* Penal Law § 35.05 [2]; *see generally, People v Brown,* 68 AD2d 503).

Similarly, while we note the better course would have been to grant a one day continuance so that the defendant could secure the presence of a witness, under the circumstances of this case we cannot conclude that defendant was deprived of his right to put in a defense. Defendant, at the last moment, indicated his intent to call his mother so that she could testify to his state of mind. We note defendant's own dilatory practice in securing that witness *(see generally, People v Foy,* 32 NY2d 473, 478). The same flaw exists in defendant's argument with respect to the materiality of her testimony as exists for

his appellate argument that he was entitled to a justification defense. The offer of proof only generally asserted that she was aware that he had received threats over the telephone. As such, we do not conclude that defendant was deprived of a defense *(People v Daniels,* 128 AD2d 632).

The prosecutor's question during cross-examination whether defendant was aware he was on the New York City list of "the 100 most wanted felons" was not unduly prejudicial. An objection was sustained before defendant answered, and the question was struck from the record. As defendant never requested a curative instruction, we cannot conclude that the court erred by failing to provide one. We have examined defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.