■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE SHANNON, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered September 21, 1989, convicting defendant, after a jury trial, of two counts of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to two concurrent terms of imprisonment of 25 years to life on the murder counts, to run consecutively to two concurrent terms of imprisonment of 5 to 10 years on the robbery and weapons counts, unanimously affirmed.

Defendant stands convicted of shooting a store employee to death during a supermarket robbery. Defendant's argument that it was reversible error to permit one of the two store employees who witnessed the shooting but was unable to identify defendant's picture in a photo array to identify him in court is not preserved for review, no objection having been made to the in-court identification (CPL 470.05 [2]). In any event, the argument is without merit, since the witness' prior inability to identify defendant from a photograph was relevant to the weight, not the admissibility, of his testimony *(People v Cruz,* 167 AD2d 306, *lv denied* 77 NY2d 959). Contrary to defendant's *pro se* claim, this testimony, along with that of the store manager, fingerprint expert, and medical examiner, was sufficient as a matter of law to support the jury's finding that it was defendant who fired a gun into the victim's head at close range *(see, People v Adams,* 165 AD2d 760, *lv denied* 76 NY2d 983). We have considered defendant's remaining *pro se* claims raised in a supplemental brief and find them to be both unpreserved and without merit. Concur— Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.