■ In the Matter of Richard K., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about April 28, 1992, adjudicating appellant a juvenile delinquent upon a finding that he committed an act which, if committed by an adult, would constitute the crime of attempted grand larceny in the fourth degree, and placing him with the Division for Youth, Title III, for 12 months, unanimously affirmed, without costs.

There is no merit to appellant's claim that the complainant's identification testimony was insufficient to support the court's finding of guilt, since the complainant had ample opportunity to observe appellant when he turned around and stood face to face with appellant at a distance of three to five feet (cf., People v Liner, 178 AD2d 178, lv denied 79 NY2d 949; People v Shannon, 182 AD2d 567, lv denied 80 NY2d 934). At most, the complainant's identification raised an issue of credibility to be determined by the trier of fact (see, People v Michael P., 169 AD2d 738, lv denied 77 NY2d 909). Nor is there merit to appellant's contention that the court should have drawn an adverse inference against the presentment agency for having failed to call the employees of the store from which the complainant had exited just prior to the robbery and the driver of the parked car that was then waiting for the complainant, there being no evidence that these persons had actually observed any relevant events, or that they were under the control of the presentment agency (see, People v Gonzalez, 68 NY2d 424). Finally, in view of appellant's previous behavior, the court's placement of him in a structured and secure facility is consistent with both his best interest and the need to protect the community. Concur—Murphy, P. J., Wallach, Ross and Asch, JJ.