■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

PAUL PALMER, Appellant. [596 NYS2d 522] —Weiss, P. J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered December 20, 1991, upon a verdict convicting defendant of the crimes of obstructing governmental administration in the second degree and menacing.

On January 27, 1989, while incarcerated at the Rensselaer County Jail awaiting transfer to State prison after a felony conviction, defendant was involved in an argument with another inmate necessitating the intervention of correction officers. That intervention resulted in a visual search of the cells for contraband. When a correction officer entered defendant's cell, defendant, who was using a telephone on the tier, became loud and aggressively argumentative, threatening and verbally abusive toward the responding officers. The officers withdrew from the tier and ordered all inmates to return to their cells. All of the inmates complied except defendant, who proceeded to tie off the tier entrance, fashion a club and a homemade weapon, and prevent the officers from re-entering the tier. Defendant was eventually subdued after a struggle with officers who had accessed the tier from a second entrance. He was subsequently indicted on charges of assault in the second degree, obstructing governmental administration in the second degree and menacing. Defendant was convicted after trial on the obstructing governmental administration and menacing counts, but was acquitted of the assault in the second degree charge. Defendant now appeals.

Defendant initially contends that County Court erred in refusing to suppress his January 31, 1989 statement made to a Deputy Sheriff that he claims was taken in violation of his right to counsel. This argument is meritless for two distinct reasons. First, defendant was represented on a pending appeal in an unrelated criminal matter and his consultation with that attorney concerning a possible damage claim for injuries sustained in the alleged beating, which occurred subsequent to the instant criminal acts, did not amount to counsel's representation in this case so as to preclude police questioning. Defendant concedes that he was not represented by counsel on the instant charge nor had he requested such representation. He waived his *Miranda* rights and was then questioned by a Deputy Sheriff solely on matters unrelated to the prior pending criminal case on which he was represented (see, *People v Bing,* 76 NY2d 331). Second, and equally fatal to his argument, defendant concedes that the admittedly voluntary statement was used by the People solely in a limited manner for

clearly permissible impeachment purposes during cross-examination of defendant. Thus, even if the statement had been taken in violation of his right to counsel, as a matter of law defendant suffered no harm as a result of the ruling on his suppression motion (see, People v Maerling, 64 NY2d 134, 140).

Defendant next contends that County Court erred in refusing to admit evidence of injuries allegedly inflicted upon him in the altercation with correction officers after the incidents constituting the crimes charged. Defendant argues that the evidence of those injuries allegedly inflicted by the correction officers would have corroborated his testimony and established the reasonableness of his fear of the correction officers, which he contends justified his acts. We disagree. The incident, which occurred after defendant's criminal acts, is remote and irrelevant to his reasonable perceptions at the time he committed his illegal acts and, accordingly, County Court was correct in denying the proffered evidence (see, People v Levy, 186 AD2d 66, lv denied 80 NY2d 975; see also, People v Miller, 39 NY2d 543, 552-554; People v Stevenson, 31 NY2d 108, 112-113).

Similarly, it was appropriate for County Court to instruct the jury to limit its consideration of the subsequent altercation or beating to the issue of whether correction officers were hostile toward defendant, and therefore biased in their testimony, and not as a basis for justification of his behavior. Nor was it error for the court to refuse to charge a defense of justification because there was no reasonable view of the evidence that would support a finding of the tendered defense (see, People v Watts, 57 NY2d 299, 301; People v Collice, 41 NY2d 906). Defendant's generalized and unspecific testimony that he had seen correction officers beat inmates fails, as a matter of law, to justify a necessity defense (Penal Law § 35.05 [2]) because he participated in and aggravated the escalating crisis (see, People v Torres, 103 AD2d 972; People v Brown, 68 AD2d 503, 511-512). Moreover, defendant acknowledged that he had a fairly good relationship with the officers and had no previous trouble with them during his 11-month stay at the jail.

Finally, defendant contends that this Court should reverse his conviction because the situation would have defused itself had the correction officers walked away leaving defendant, who was already on the locked tier, to calm down. A review of the record reveals that defendant's conviction was not against the weight of the evidence and was fully supported by legally

sufficient evidence *(see, People v Bleakley,* 69 NY2d 490); accordingly, it should not be disturbed.

Mikoll, Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.