■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTIAGO, Appellant. [621 NYS2d 853] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered October 26, 1992, convicting defendant, after jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 8½ to 17 years and 4 to 8 years, respectively, unanimously affirmed.

A review of the lineup photograph supports the trial court's ruling that the lineup was not unnecessarily suggestive or conducive to erroneous identification (People v Howard, 130 AD2d 384, 385).

The People presented overwhelming evidence of defendant's guilt of the crimes charged. The background of the People's witnesses was fully presented to the jury for its consideration and its determinations of fact and credibility, supported by the record, will not be disturbed by this Court (People v Siu Wah Tse, 91 AD2d 350).

The record indicates that the People's witnesses volunteered testimony (unobjected to by defense counsel) regarding incidental contents of the bag used by defendant to collect the stolen cash, as well as defendant's attempt to steal a ring from one of the store's occupants that was aborted when his accomplice urged defendant to flee. To the extent that this testimony constituted evidence of uncharged crimes, it was admissible as inextricably interwoven with the crimes charged and its probative value outweighed any possible prejudice (People v Vails, 43 NY2d 364, 368-369).

The trial court also properly admitted evidence of defendant's failure to appear as scheduled in this case and his subsequent involuntary return 11 months later. As to the trial court's instruction regarding evaluation of evidence of flight as consciousness of guilt, the jury properly considered this evidence as probative of the issues before it (see, People v Yazum, 13 NY2d 302).

We perceive no abuse of discretion in sentencing. Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.