■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM MITCHELL, Appellant. [628 NYS2d 650] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered July 15, 1992, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, unanimously affirmed.

The record supports the trial court's determination that the prosecutor provided race-neutral reasons for the discharge of four African-American prospective jurors, including two who had previously served on hung criminal juries (*United States v Ruiz*, 894 F2d 501, 506-507), one who believed that a family member had been wrongly arrested and imprisoned (*People v Roberts*, 208 AD2d 410), and a fourth whom the trial court found to be less than forthcoming about his educational plans and had been involved in a Family Court matter.

Defendant's *pro se* complaint about the court's failure to charge the jury that the witness Mr. Strong was an accomplice as a matter of law is unpreserved for review (*People v James*, 75 NY2d 874), and we decline to review it in the interest of justice. If we were to review it, we would find that since "different inferences reasonably may be drawn from the proof" regarding Strong's complicity, the court properly instructed the jury that it must determine whether he was an accomplice as a matter of fact (*People v Vataj*, 69 NY2d 985, 987), where, although the witness did not plan or participate in the crime, he was aware that defendant and his cohort planned to rob the store, accompanied them to the area, remained outside during the robbery, and later sought to share in the proceeds (*see, People v Brown*, 209 AD2d 233, *lv denied* 85 NY2d 860).

Nor did the trial court err in denying defendant's request for an adverse inference charge regarding the People's failure to preserve the surveillance tape of the first robbery, since the

loss was inadvertent, defense counsel thoroughly cross-examined the officers about the tape and utilized its loss as part of his defense, and there was no prejudice to defendant in this identification case, since the only feature of the perpetrator which was discernable on the tape was his race.

Defendant's bolstering claim is unpreserved (*People v Carolina*, 211 AD2d 454), as is his contention regarding the in-court identification of his cohort from a photo array (*People v Shannon*, 182 AD2d 567, *lv denied* 80 NY2d 934), and we decline to reach these issues in the interest of justice.

We have considered defendant's remaining arguments, including those raised in his *pro se* supplemental brief and find them to be without merit. Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.