■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC R. DE GROAT, Appellant. [683 NYS2d 655] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 22, 1997, upon a verdict convicting defendant of the crimes of attempted rape in the first

degree (two counts), sexual abuse in the first degree (two counts) and assault in the second degree.

As the result of a physical confrontation on February 20, 1997 between defendant and two young women in the Village of Endicott, Broome County, defendant was indicted and charged with two counts of attempted rape in the first degree, two counts of sexual abuse in the first degree and assault in the second degree. Following a jury trial, defendant was convicted as charged and sentenced as a second violent felony offender to consecutive 10-year determinate terms of imprisonment on his convictions for attempted rape in the first degree and six-year determinate terms of imprisonment on his convictions of sexual abuse in the first degree and assault in the second degree, such sentences to run concurrent with each other and concurrent to the sentences imposed for his convictions of attempted rape in the first degree. This appeal ensued.

During the course of its deliberations, the jury requested and was given instructions as to the offense of attempted rape in the first degree on three different occasions, whereupon it rendered a partial verdict of guilty as to the first count of attempted rape in the first degree, both counts of sexual abuse in the first degree and assault in the second degree. After resuming deliberations as to the second count of attempted rape in the first degree, the jury again requested further instructions as to that count of the indictment. In accordance with that request, County Court, over defense counsel's objection, instructed the jury as to attempted rape in the first degree in accordance with the proposed instructions contained in the first edition of the Criminal Jury Instructions (see, 2 CJI [NY] PL 110.00, at 46-50). The jury thereafter returned a verdict of guilty on count two of the indictment.

Defendant's sole contention on this appeal is that County Court erred with respect to the supplemental instructions given to the jury. We disagree. Initially, we note that while the language utilized by County Court in its supplemental instructions differs somewhat from the language initially utilized by the court, it was in complete conformance with the proposed charge contained in the first edition of the Criminal Jury Instructions and clearly did not constitute a misstatement of the law. Moreover, inasmuch as the jury had heard the court's definition of "attempt" on four separate occasions, a simple rereading of that charge would hardly have been meaningful and may well have constituted error in that the jurors would have been left without adequate guidance (see, People v Malloy, 55 NY2d 296, 303-304, cert denied 459 US 847). Finally,

we reject defendant's contention that County Court's supplemental instructions were given without affording counsel an opportunity to be heard. The record reflects that counsel was given an opportunity to and did read the proposed charge following which he simply registered an objection to such instruction.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.