THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL GRAY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS EDWARDS, Appellant. [717 NYS2d 596] —Judgments, Supreme Court, New York County (Richard Andrias, J.), rendered March 21, 1995 and February 2, 1995, convicting each defendant, after a joint jury trial, of murder in the second degree and robbery in the first degree, and sentencing defendant Gray, as a persistent violent felony offender, to concurrent terms of 21 years to life and 15 years to life, and sentencing defendant Edwards, as a second violent felony offender, to concurrent terms of 21 years to life and 12 to 24 years, unanimously affirmed.

There was legally sufficient evidence of guilt and the verdicts were not against the weight of the evidence. Initially, we find that the circumstantial evidence of Edwards's identity as one of the perpetrators was overwhelming.

Defendants argue that the death of the victim, a hostage shot by the police during a gunfight with defendants' accomplice, was not caused in immediate flight from the underlying bank robbery because the assailant was surrounded by police and was thus allegedly incapable of further flight. However, the shooting of the hostage occurred within minutes of the robbery, only a few blocks away from the bank branch. Officers were in hot pursuit of the assailant, who repeatedly fired shots at them as he fled. Realizing that his capture was imminent, the assailant grabbed the hostage in the hope that she would provide the leverage he needed to get away. Since the assailant obviously refused to surrender, it was reasonable for the jury to conclude that he was still in immediate flight from the

underlying crime and attempting to thwart apprehension (*compare, People v Hernandez*, 82 NY2d 309, 319, *with People v Ruiz*, 136 AD2d 493).

Contrary to defendant Edwards's argument, allegedly reckless police conduct did not constitute a supervening cause of the victim's death, breaking the chain of causation (*see, People v Griffin*, 80 NY2d 723, *cert denied* 510 US 821). For purposes of this appeal, it is unnecessary to decide the lawfulness of the conduct of the police during the hostage situation. The possibility of a stray police bullet killing an innocent person in an exchange of gunfire was highly foreseeable under the circumstances, irrespective of whether or not the police were at fault. "Foreseeability does not mean that the result must be the most likely event" (*People v Hernandez, supra*, at 319).

Since defendants acquiesced in the court's compromise ruling and did nothing to alert the court that it had still not provided appropriate relief (*see, People v Santiago*, 52 NY2d 865), defendants failed to preserve their claim that the court improperly precluded cross-examination of a police officer concerning internal police guidelines on the use of deadly force and we decline to review it in the interest of justice. Were we to review this claim, we would find that, given the issues presented herein, there was no need for a trial within a trial on the subject of police conduct. In any event, the court allowed the defense wide latitude in which to delve into this subject.

The court properly denied defendant Gray's motion to suppress the bank manager's lineup identification. To the extent that any suggestiveness resulted from Gray being the only lineup participant wearing a tie, this situation "resulted from defendant's own actions" in refusing to remove that article of clothing, despite being advised to do so, and "cannot be imputed to law enforcement officials" (*People v Adams*, 165 AD2d 760, 761, *lv denied* 76 NY2d 983). Moreover, at the time of the robbery, when the witness observed defendant, defendant was dressed as a security guard.

The record, read as a whole, establishes that there was no violation of defendant Gray's right to be present during conferences with prospective jurors.

We have considered and rejected defendants' remaining claims, including those contained in their *pro se* supplemental briefs. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Rubin, JJ.