■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY SANTANA, Appellant. [792 NYS2d 71]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered March 24, 2003, convicting defendant, after a jury trial, of criminal contempt in the first degree (four counts), aggravated criminal contempt, endangering the welfare of a child (two counts), stalking in the first degree, assault in the first degree (two counts), assault in the second degree (two counts), and reckless endangerment in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 23$\frac{1}{7}$ to 40 years, unanimously affirmed.

Defendant's assault and reckless endangerment convictions arose out of his conduct in leading a combination of marked and unmarked police cars on a high-speed chase, during which a police car crashed, injuring several officers. The court properly refused defendant's request to charge justification under the emergency doctrine (*see* Penal Law § 35.05 [2]; *People v Craig*, 78 NY2d 616, 623 [1991]). Viewing the evidence, including defendant's testimony explaining his flight from the police, in the light most favorable to defendant, there was no reasonable view of the evidence that the situation was "occasioned or developed through no fault of" defendant (Penal Law § 35.05 [2]), or that, regardless of his asserted suspicions about the

unmarked police car, defendant also needed to flee from the marked cars. Since Penal Law § 35.05 (2) is objective, not subjective (*People v Craig*, 78 NY2d at 622), defendant's generalized distrust or fear of the police was not a basis for submission of the emergency justification doctrine (*see People v Palmer*, 192 AD2d 803, 805 [1993]; *see also People v O'Neal*, 172 AD2d 217 [1991], *lv denied* 79 NY2d 830 [1991]).

When the deliberating jury requested the elements of depraved indifference assault for the third time, the court properly exercised its discretion in delivering a supplemental charge that expanded upon its original explanation of those elements, since the jury was clearly in need of additional guidance (*see People v De Groat*, 257 AD2d 762 [1999]; *People v Brabham*, 77 AD2d 626 [1980]). The supplemental instruction was a correct statement of the law, and it correctly applied the law to the evidence presented at trial.

The court properly instructed the jury that even if the police pursuit of defendant may have violated the Patrol Guide, such violation did not constitute an independent intervening act (*see People v Griffin*, 80 NY2d 723 [1993], *cert denied* 510 US 821 [1993]; *People v Gray*, 278 AD2d 151 [2000], *lv denied* 96 NY2d 863 [2001]). It was highly foreseeable that, in order to stop defendant, the police might engage in some dangerous maneuvers.

The court properly exercised its discretion in permitting a police officer to mention briefly defendant's prior weapon possession conviction, since this testimony helped explain why the Police Department authorized a dangerous, high-speed chase. The court had permitted defendant to raise an issue as to the propriety of the police conduct to the extent it affected police credibility, and the People were entitled to refute defendant's contentions (*see People v Rojas*, 97 NY2d 32 [2001]). The probative value of this evidence outweighed its prejudicial effect.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.