THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. DIEFENBACHER, Appellant. (Appeal No. 1.) [801 NYS2d 466]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered July 11, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts), assault in the second degree and criminal mischief in the fourth degree.

It is hereby ordered that said appeal from the judgment insofar as it imposes sentence be and the same hereby is unanimously dismissed as moot and the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of two counts of burglary in the second degree (Penal Law § 140.25 [1] [b]; [2]) and one count each of assault in the second degree (§ 120.05 [6]) and criminal mischief in the fourth degree (§ 145.00 [1]). Defendant failed to move to dismiss the indictment on CPL 30.30 grounds and thus failed to preserve for our review his contention that he was denied his statutory right to a speedy trial (*see People v Scott*, 283 AD2d 1006 [2001], *lv denied* 96 NY2d 907 [2001]; *see generally People v Jordan*, 62 NY2d 825, 826 [1984]). Defendant also contends that, because the present charges against him did not involve sexual offenses, County Court erred in privately asking the prospective jurors during voir dire whether they or a close family member previously had been the victim of a sexual offense. Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]; *see generally People v Charleston*, 56 NY2d 886, 888 [1982]). In any event, we cannot conclude that defendant was denied a fair trial by the court's private questioning of the prospective jurors regarding an issue that they might not wish to discuss in open court (*see* CPL 270.15 [1] [c]). "[T]he jury selection process was itself fair, and defendant has failed to demonstrate that the jurors chosen were anything but impartial" (*People v Pepper*, 59 NY2d 353, 359 [1983]).

We reject defendant's further contention that the court erred in providing the jury with an expanded definition of the term "enter" with respect to the burglary charges. The jury sent two questions to the court concerning that term during deliberations. The record establishes that, in response to those questions, "the court properly exercised its discretion in delivering a supplemental charge that expanded upon its original explanation of [the definition of entry], since the jury was clearly in need of additional guidance" with respect thereto (*People v Santana*, 16 AD3d 346, 347 [2005]).

Although defendant initially moved to dismiss the indictment at the close of the People's case based on the alleged legal insufficiency of the evidence, he failed to renew his motion after presenting evidence and thus failed to preserve for our review his present contention with respect to the alleged legal insufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Cobado*, 16 AD3d 1114 [2005], *lv denied* 4 NY3d 885 [2005]). In any event, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, upon our review of the record, we conclude that defen-

dant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

With respect to appeal No. 2, we note that the court resentenced defendant in absentia more than 30 days after the original sentence and, inter alia, imposed a five-year period of postrelease supervision on each of the burglary and assault counts. Defendant contends, and the People correctly concede, that the court erred in resentencing defendant in absentia (*see* CPL 380.40 [1]; *People v Dennis* [appeal No. 2], 6 AD3d 1211, 1212 [2004]). Thus, we reverse the resentence in appeal No. 2 and remit the matter to County Court for a further resentencing of defendant, at which time defendant must be afforded the opportunity to appear with counsel.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.