■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEMMO, Appellant. [926 NYS2d 311]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered November 3, 2008, convicting him of reckless endangerment in the second degree, resisting arrest, reckless driving, leaving the scene of an accident without reporting, aggravated unlicensed operation of a motor vehicle in the third degree, failing to obey a traffic-control device in violation of Vehicle and Traffic Law § 1110, driving upon a roadway designated and sign posted for one-way traffic in a direction other than the direction designated in violation of Vehicle and Traffic Law § 1127 (a), and unlawfully operating or driving a motor vehicle on a public highway, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions arose out of his conduct in leading an unmarked police car and a marked police car on a high-speed chase, during which he proceeded to drive on a sidewalk, drive up a one-way street the wrong way and cause damage to property, and injure a police detective. Contrary to the defendant's contention, the Supreme Court properly denied his request to charge the jury with respect to the defense of justification under the emergency doctrine (*see* Penal Law § 35.05 [2]; *People v Craig*, 78 NY2d 616, 623 [1991]; *People v Santana*, 16 AD3d

346 [2005]). Viewing the evidence, including the defendant's testimony explaining his flight from the police, in the light most favorable to the defendant, there was no reasonable view of the evidence that the situation was "occasioned or developed through no fault of" the defendant (Penal Law § 35.05 [2]; *see People v Santana*, 16 AD3d at 346). Dillon, J.P., Covello, Chambers and Roman, JJ., concur.