■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUPRAY A. JORDAN, Appellant. [974 NYS2d 183]—

Egan Jr., J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered February 22, 2011, upon a verdict convicting defendant of the crimes of burglary in the second degree and menacing in the second degree.

In September 2009, the victim was eating dinner in the living room of her apartment when she saw a shadow in her kitchen. Upon investigating, the victim encountered defendant, who proceeded to push the victim against a wall and demand money allegedly owed to him as payment for certain video games that the victim purportedly had purchased from him a few weeks earlier. The victim's screams for help alerted her neighbor and, after removing $11.50 from the victim's pocket, defendant fled the scene with the neighbor in pursuit. During the course of the ensuing foot chase, defendant produced and fired at the neighbor with a pellet pistol.

---

Defendant thereafter was indicted and charged with robbery in the second degree, burglary in the second degree and menacing in the second degree. Following a jury trial, defendant was convicted of burglary in the second degree and menacing in the second degree and was sentenced to an aggregate prison term of four years followed by five years of postrelease supervision—said sentence to run consecutively to the sentence imposed upon a unrelated assault conviction (*People v Jordan*, 111 AD3d 970 [2013] [decided herewith]). This appeal by defendant ensued.

The sole argument raised by defendant upon appeal is that the verdict convicting him of burglary in the second degree is against the weight of the evidence. Insofar as is relevant here, "[a] person is guilty of burglary in the second degree when he [or she] knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . in immediate flight therefrom, he or [she] . . . [d]isplays what appears to be a pistol . . . or other firearm" (Penal Law § 140.25 [1] [d]). Defendant takes issue with the "immediate flight" element—contending that the weight of the credible evidence compels a finding that he had reached a place of temporary safety at the time that the firearm was displayed, thereby warranting reducing his conviction to burglary in the third degree. We disagree.

Whether an apparent firearm has been displayed during the immediate flight from a crime generally is a matter for the jury to resolve (*cf. People v Slaughter*, 78 NY2d 485, 490 [1991]). To that end, "[t]here is no exact minute on the clock or milepost along the escape route, the passage of which terminates a crime" (*People v Donovan*, 53 AD2d 27, 33 [1976]). Rather, "factors to consider on the issue of immediacy are the distance between the crime and the use of force or a dangerous instrument, the elapsed time since the actual taking of the property, whether the culprit is in possession of the fruits of the crime, whether he or she had reached a place of temporary safety and whether police, security guards or citizens were in close pursuit" (*People v Robertson*, 53 AD3d 791, 792 [2008], *lv denied* 11 NY3d 857 [2008]).

Here, the neighbor testified that he first saw defendant while defendant still was in the victim's apartment; upon confronting defendant, defendant "ran down the stairs" and he gave chase—pursuing defendant right up to the point where defendant turned and pointed what the neighbor initially perceived to be either a 9 millimeter or .45 caliber handgun. In our view, such proof—viewed in a neutral light—permitted the jury to conclude

that the element of "immediate flight" had been proven beyond a reasonable doubt (*cf. People v Gray*, 278 AD2d 151, 151-152 [2000], *lv denied* 96 NY2d 758 [2001]). To the extent that the testimony offered by another witness suggested that the neighbor's pursuit of defendant was perhaps not as continuous as previously described, any conflict in the testimony presented a credibility issue for the jury to resolve (*see People v Webster*, 290 AD2d 659, 660 [2002], *lv denied* 98 NY2d 641 [2002]). As we are satisfied that the verdict is in accord with the weight of the evidence, it will not be disturbed. Accordingly, the judgment of conviction is affirmed.

Rose, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.