Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered February 22, 2011, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to a reduced charge of assault in the second degree and, in conjunction therewith, was to receive a sentence of time served. County Court advised defendant, however, that if he were arrested for any reason prior to the scheduled sentencing date, the court no longer would be bound by the sentencing commitment. Thereafter, while on release pending sentencing, defendant was arrested on unrelated charges and, following a jury trial, was convicted of burglary in the second degree and menacing in the second degree. Defendant subsequently ap *971 peared at a combined sentencing proceeding and, insofar as is relevant to this appeal, was sentenced upon the assault conviction to a prison term of four years, followed by three years of postrelease supervision.* Defendant now appeals.
Defendant’s sole contention upon appeal is that the enhanced sentence was harsh and excessive and should be reduced in the interest of justice. We disagree. Although defendant’s prior criminal history was not extensive, the underlying assault conviction involved a serious act of violence, and County Court clearly warned defendant that his failure to abide by the no-arrest restriction could result in a greater sentence. “In view of defendant’s disregard of this condition, coupled with the fact that the enhanced sentence was less than the statutory maximum, we find no extraordinary circumstances justifying a reduction of the sentence in the interest of justice” (People v Douglas, 2 AJ)3d 1050, 1051 [2003], Iv denied 2 NY3d 761 [2004] [citation omitted]; see People v White, 24 AD3d 817, 817 [2005]). Accordingly, the judgment of conviction is affirmed.
Rose, J.E, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.

 With respect to the burglary and menacing convictions, which are the subject of a separate appeal (People v Jordan, 111 AD3d 971 [2013] [decided herewith]), defendant was sentenced to an aggregate prison term of four years with five years of postrelease supervision — said sentence to run consecutively to the sentence imposed upon the assault conviction.