# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**114**
**KA 14-00041**
PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

STEVEN L. FOWLER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered November 19, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), defendant contends that County Court erred in refusing to grant his pro se motion to withdraw his plea, which defendant asserts was involuntary because his attorney failed to advise him of the possible defense of intoxication. We reject that contention. Defendant was represented by counsel and was not entitled to hybrid representation (*see People v Rodriguez*, 95 NY2d 497, 501-502; *People v Alsaifullah*, 96 AD3d 1103, 1103, *lv denied* 19 NY3d 944), and we therefore conclude that the court did not abuse its discretion in refusing to entertain the pro se motion. We note in any event that defendant admitted during the plea colloquy that he intended to cause serious physical injury to the victim when he stabbed him with a knife, and, thus, his claim that he was too intoxicated to form the requisite intent is belied by the plea transcript (*see generally People v Santana*, 110 AD2d 789, 789, *lv denied* 67 NY2d 656).

Defendant failed to preserve for our review his contention that the court erred in sentencing him as a second violent felony offender inasmuch as he failed to controvert the allegations in the predicate felony statement (*see People v Smith*, 73 NY2d 961, 962-963; *People v Lawrence*, 23 AD3d 1039, 1039-1040, *lv denied* 6 NY3d 835), and the narrow exception to the preservation rule does not apply (*see People v Nieves*, 2 NY3d 310, 315-316; *cf. People v Samms*, 95 NY2d 52, 55-57).

We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Sullivan*, 4 AD3d 223, 224, *lv denied* 2 NY3d 765).

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court