People v Johnson (2021 NY Slip Op 03700)





People v Johnson


2021 NY Slip Op 03700


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


366 KA 20-00785

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTOR E. JOHNSON, SR., DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.
VICTOR E. JOHNSON, SR., DEFENDANT-APPELLANT PRO SE.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered December 18, 2019. The judgment convicted defendant upon his plea of guilty of attempted robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]). We affirm.
We first address defendant's contentions in his main brief. Initially, we agree with defendant that his purported waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Mazaika, 191 AD3d 1419, 1419 [4th Dept 2021]).
Defendant contends that Supreme Court erred in refusing to suppress statements that he made to a police officer because such evidence was improperly obtained as a result of an unlawful vehicle stop. Defendant's contention is not preserved for our review inasmuch as he did not raise that specific contention in his motion papers or at the suppression hearing as a ground for suppressing his statements (see People v Witt, 129 AD3d 1449, 1449 [4th Dept 2015], lv denied 26 NY3d 937 [2015]), nor did the court expressly decide the question raised on appeal (see CPL 470.05 [2]; People v Graham, 25 NY3d 994, 997 [2015]; People v Turriago, 90 NY2d 77, 83-84 [1997], rearg denied 90 NY2d 936 [1997]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that the court erred in refusing to suppress the statements that he made to the officer outside of his vehicle because he was in custody at that time but had not been advised of his Miranda rights. We reject that contention inasmuch as "the evidence at the Huntley hearing establishes that defendant was not in custody when he made the statements, and thus Miranda warnings were not required" (People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]; see People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]; see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). "The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record" (People v Hale, 130 AD3d 1540, 1541 [4th Dept 2015], lv denied 26 NY3d 1088 [2015], reconsideration denied 27 NY3d 998 [2016] [internal quotation marks omitted]) and, here, we conclude that there is no basis to disturb the court's determination to credit the testimony of the officer over defendant's testimony (see People v [*2]Fioretti, 155 AD3d 1662, 1664 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; People v Witherspoon, 66 AD3d 1456, 1458 [4th Dept 2009], lv denied 13 NY3d 942 [2010]).
We also conclude that, "by pleading guilty, defendant forfeited his challenge to the court's Sandoval ruling[s]" (People v Smith, 164 AD3d 1621, 1622 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]).
Defendant further contends that the court erred in refusing to entertain his pro se motions to withdraw his plea. We reject that contention. "Because a criminal defendant is not entitled to hybrid representation, . . . the decision to entertain [pro se] motions [filed by a represented defendant] lies within the sound discretion of the trial court" (People v Rodriguez, 95 NY2d 497, 500 [2000]; see People v Alsaifullah, 96 AD3d 1103, 1103 [3d Dept 2012], lv denied 19 NY3d 994 [2012]). Here, we conclude that the court did not abuse its discretion in refusing to entertain the pro se motions (see Rodriguez, 95 NY2d at 502-503; People v Fowler, 136 AD3d 1395, 1395 [4th Dept 2016], lv denied 27 NY3d 996 [2016], reconsideration denied 27 NY3d 1132 [2016]). Contrary to defendant's related contention, we conclude that the court did not abuse its discretion in denying defense counsel's request for a further adjournment of sentencing to afford him an opportunity to review defendant's pro se motions (see People v Spears, 24 NY3d 1057, 1058-1060 [2014]; People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). Defendant's challenges in his main and pro se supplemental briefs to the voluntariness of his plea are thus not preserved for our review (see People v Carroll, 172 AD3d 1821, 1822 [3d Dept 2019], lv denied 34 NY3d 929 [2019]; People v Horton, 166 AD3d 1226, 1227 [3d Dept 2018]), and we conclude that this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). We decline to exercise our power to review defendant's challenges as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
In light of our determination, there is no need to address defendant's remaining contention in his main brief. Finally, we have considered the remaining contentions in defendant's pro se supplemental brief and conclude that they are either without merit or involve matters outside the record.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court