People v Owens

2026 NY Slip Op 02513

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

PHILLIP OWENS, DEFENDANT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

137 KA 23-00945

Present: Whalen, P.J., Lindley, Curran, Smith, And Delconte, JJ.

KAMAN BERLOVE LLP, ROCHESTER (BRYANNE L. JONES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 8, 2023. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree.

[*1]

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed, the judgment is modified as a matter of discretion in the interest of justice and on the law by vacating the order of protection, and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and, in appeal No. 2, defendant appeals from a resentence on that conviction.

We note at the outset that, inasmuch as the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (see People v Weathington [appeal No. 2], 141 AD3d 1173, 1173 [4th Dept 2016], lv denied 28 NY3d 975 [2016]; People v Primm, 57 AD3d 1525, 1525 [4th Dept 2008], lv denied 12 NY3d 820 [2009]).

Defendant contends in appeal No. 1 that Supreme Court had no authority to issue an order of protection in favor of an individual who was neither a victim of nor a witness to the crime to which defendant pleaded guilty (see CPL 530.13 [4] [a]; People v Campbell, 231 AD3d 1168, 1169 [2d Dept 2024], lv denied 42 NY3d 1052 [2024]; People v Farrell, 201 AD3d 1367, 1368 [4th Dept 2022]). Although defendant failed to preserve that contention for our review inasmuch as he did not object to the order of protection on that ground when it was issued (see People v Shampine, 31 AD3d 1163, 1164 [4th Dept 2006]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Raduns, 70 AD3d 1355, 1355 [4th Dept 2010], lv denied 14 NY3d 891 [2010], reconsideration denied 15 NY3d 808 [2010]). We agree with defendant that the order of protection is invalid (see Raduns, 70 AD3d at 1355; People v Creighton, 298 AD2d 774, 776 [3d Dept 2002], lv denied 99 NY2d 613 [2003]), and we therefore modify the judgment in appeal No. 1 by vacating the order of protection (see Raduns, 70 AD3d at 1355).

We reject defendant's further contention that the court erred in refusing to entertain his pro se motion to withdraw his plea. Where, as here, a defendant is represented by defense counsel in a proceeding, "the decision to entertain [pro se] motions [filed by a represented defendant] lies within the sound discretion of the trial court" inasmuch as "a criminal defendant is not entitled to hybrid representation" (People v Johnson, 195 AD3d 1420, 1420-1421 [4th [*2]Dept 2021], lv denied 37 NY3d 1146 [2021] [internal quotation marks omitted]; see People v Rodriguez, 95 NY2d 497, 500 [2000]; People v Fowler, 136 AD3d 1395, 1395 [4th Dept 2016], lv denied 27 NY3d 996 [2016], reconsideration denied 27 NY3d 1132 [2016]). Here, we conclude that the court did not abuse its discretion in declining to hear defendant's pro se motion to withdraw his plea (see Johnson, 195 AD3d at 1421; Fowler, 136 AD3d at 1395).

In appeal No. 2, defendant contends, and the People correctly concede, that the court erred in resentencing defendant in absentia. A defendant has a right to be personally present at the time sentence is pronounced, including at resentencing (see CPL 380.40; People v Estremera, 30 NY3d 268, 271-273 [2017]; People v Diefenbacher, 21 AD3d 1293, 1295 [4th Dept 2005], lv denied 6 NY3d 775 [2006]). We therefore reverse the resentence, and we remit the matter to Supreme Court for further resentencing, at which time defendant must be afforded the opportunity to appear with counsel (see Diefenbacher, 21 AD3d at 1295).

We have considered defendant's remaining contentions in each appeal and conclude that they are without merit.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court